JOHNSON, Judge.
This is an interlocutory appeal from an order of the Circuit Court of Taylor County, Florida, dismissing the amended complaint for specific performance against the *180 appellee. This order was based upon a motion to dismiss filed by the appellee, who was one of several defendants in the suit. The other defendants had filed answers and did not contest the sufficiency of the complaint by motion.
In the order granting the motion to dismiss, the trial court pointed out that it was:
“ . . . apparent that since a substantial amount of land involved as to which plaintiff seeks a conveyance is owned by Buckeye, a dismissal of the Complaint as to Buckeye will require that the Complaint be amended or that an Amended Complaint be filed, if plaintiff desires to pursue the other defendants for relief to which he may deem himself entitled.”
The order therefore allowed 20 days within when to amend and 20 days to answer, but so provided that any defendant not named in the new amended complaint, would also be deemed dismissed as a party.
Appellee’s motion to dismiss alleges thirteen different grounds upon which the complaint should be dismissed, which includes defects apparent on the face of the complaint, as amended, which renders the complaint as devoid of stating a good claim against Buckeye for specific performance to compel a conveyance of the land now owned by Buckeye. The trial court in entering its order, does not single out any one or more grounds of the motion, but alleges that it is based upon the authorities cited in the memoranda submitted by the parties. We think that the trial court was correct in its order dismissing the complaint, and that there are several grounds upon which the trial court’s order should be affirmed. The appellant’s brief states his contention of what he considers to be a true statement of facts as. being contained in the complaint which he therefore contends states a cause of action for specific performance. Appellant also cites Chapter 608, part II, Florida Statutes, F. S.A., as authority for close corporations to conduct business without the board of directors meetings and other management of the business affairs of the corporation, which he contends lends full authority for the action of the defendants, Upchurch, Gibson. The appellant cannot get much comfort from the cited statute because of the proviso in Section 608.70 as follows:
“ . . . provided, however, that part II of this chapter shall have no application to any close corporation in existence on September 1, 1963, hereof unless such previously existing close corporation shall elect to bring itself within the provisions of this act by written consent of the owners of a majority of the voting stock.”
We are not favored with the information as to whether the corporations, Canal Timber Corp. and Gibson Paperwood Co., Inc. come within said statute or not, so in the absence of such information, we cannot find that the appellee has failed to sustain the grounds of its motion to the effect that the actions of the potential stockholder, Upchurch, although he later becomes the owner of a majority of the voting stock, cannot bind the corporation. At the time of entering into the agreement between appellant and Upchurch on September 1, 1971, Upchurch had no authority to bind the two corporations, Canal Timber Corp. and Gibson Paperwood Co. Appellant may have a cause of action against Upchurch and his Upchurch corporations which he purposed to represent as agent, but the ap-pellee here was not bound by any agreements between such potential stockholder and a third party, even though the appellee had notice thereof. In the instant case, however, the supplemental agreement between appellant and Upchurch was apparently for the benefit of appellant, when it was agreed that if the proposed timber sale contract with Georgia-Pacific Corp., as contained in a letter to appellant from Georgia-Pacific dated September 1, 1971, did not finalize or become executed, according to the terms thereof, the original contract between appellant and Upchurch, would end and the $50,000.00 paid by appellant to Upchurch would be refunded. It *181 appears that the contract with Georgia-Pacific was not executed. From this point on, we do not have the benefit of the mem-oranda submitted to the trial court by the parties, but we do find in the appendix a letter from Upchurch returning the $50,000.00 to appellant with the comment that since the Georgia-Pacific refused to execute the timber contract, Upchurch was acting pursuant to the agreement (signed by appellant and Upchurch supra) in refunding the $50,000.00. Although appellant’s reply to the refund letter refuses to accept the refund, we do not think this alters the question that the complaint, amended and reamended, failed to state a claim upon which specific performance was authorized against Buckeye to convey the land in question to appellant.
For these reasons, the order appealed is affirmed and the interlocutory appeal dismissed.
SPECTOR, C. J., and WIGGINTON, J., concur.