285 So.2d 7 (1973)
Eddie HAMMONDS, Petitioner,
v.
BUCKEYE CELLULOSE CORPORATION et al., Respondents.
No. 43303.
Supreme Court of Florida.
October 10, 1973.
Rehearing Denied November 19, 1973.
Ted R. Manry, III, and Charlie Luckie, Jr., of MacFarlane, Ferguson, Allison & Kelly, Tampa, for petitioner.
Byron Butler, Perry, John E. Mathews, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, and Paul E. Raymond and William M. Barr of Raymond, Wilson, Karl, Conway & Barr, Daytona Beach, for respondents.
PER CURIAM.
This cause is before us to review a decision of the District Court of Appeal, First District, reported at 271 So.2d 179, Fla. App., which purportedly conflicts with Knox v. Spratt, 19 Fla. 817 (1883); Beekman v. Sonntag Investment Co., 67 Fla. 293, 64 So. 948 (1914); Triplett et al. v. Brevard Properties, Inc., 94 Fla. 869, 115 So. 534 (1927); Sperling et al. v. Davie, 41 So.2d 318 (Fla. 1949); Johnson v. Southern Bell Telephone and Telegraph Co., 169 So.2d 36 (Fla.App. 1964); South Florida Citrus Land Co. v. Waldin, 61 Fla. 766, 55 So. 862 (1911); and Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution F.S.A. (as amended 1973).
Petitioner filed a complaint and amendments thereto against respondent, The Buckeye Cellulose Corporation, Canal Timber Corporation, Gibson Paperwood Company, Inc., T.B. Upchurch, T.B. Upchurch, Inc., and Upchurch Milling Co. for specific performance of a contract for the conveyance of certain described property to petitioner. Attached to petitioner's complaint and amendments were copies of the various contracts, options, agreements, and deed mentioned in the complaint or its amendments pursuant to Rule 1.130, F.R.C.P. 30 F.S.A. Petitioner's complaint alleged, as follows:
"4. On July 21, 1971, defendant Upchurch as Agent for the Upchurch Corporations *8 entered into a written option contract with one R. Carr Gibson for the purchase by the said Upchurch from Gibson of a majority of the capital stock of the defendant Canal Timber Corporation (Canal) and of the defendant Gibson Paperwood Company, Inc. (Paperwood), said option contract being hereinafter called the Option Contract.
"5. On September 1, 1971, while the Option Contract was in full force and effect the defendant, T.B. Upchurch individually and as agent for the Upchurch Corporations and the defendants T.B. Upchurch, Inc. and Upchurch Milling Company, Inc. entered into in Orlando, Orange County, Florida, a written contract with the plaintiff under which the said defendants agreed to exercise the option granted to them by the Option Contract and further agreed that as the owners of the majority of the capital stock of the said Canal and Paperwood corporations they would cause the said Canal and Paperwood corporations to convey the Gibson Lands to the plaintiff for the sum of $200.00 per acre, which, subject to certain exclusions and adjustments in the actual acreage, would amount to $12,800,000.00, more or less, to be paid in cash at the Closing, said contract being hereinafter called the Sales Contract.
"6. The plaintiff paid the defendants Upchurch and the Upchurch Corporations the sum of $50,000.00 on the signing of the Sales Contract on September 1, 1971, as provided for therein, and which is to be applied on the purchase price at the Closing, and plaintiff has been at all times thereafter and now is able, ready, and willing to carry out and perform the Sales Contract on his part, and to pay the agreed purchase price in cash at the Closing.
"7. The Sales Contract provided that the plaintiff should have for ninety (90) days, or to and including November 30, 1971, the exclusive right to purchase the Gibson Lands for the price aforesaid, but it further provided that the plaintiff was entitled to receive from Upchurch and the Upchurch Corporations within forty (40) days evidence of marketable title in the form of up-to-date abstracts and that if such evidence was not furnished within forty (40) days the said ninety day period should not begin to run until such evidence had been furnished. The defendant Upchurch and the Upchurch Corporations have failed and refused to furnish such abstracts and the ninety (90) day period for the Closing and the payment of the balance of the purchase price has not begun to run.
"8. The Sales Contract provided that if the plaintiff failed to pay the purchase price in cash by the time of closing that the plaintiff should thereupon forfeit the $50,000.00 paid upon the execution of the Sales Contract, and that provision has not been modified or changed.
"9. Plaintiff's preferred method of financing the purchase for cash was to be through a loan from an insurance company secured by a timber contract for a period of years from corporations such as the Buckeye Cellulose Corporation or the Georgia-Pacific Corporation and plaintiff had secured a letter of intent from the latter corporation, dated September 1, 1971, that it expected to pay $1,105,000.00 per year for ten years aggregating $11,050,000 for the exclusive right to cut and remove timber from the Gibson Lands.
"10. In order to protect the plaintiff in the event the Georgia-Pacific Corporation should not be willing to enter into contract in the precise amount of the estimated figure set out in its letter of intent, or should offer an amount which the plaintiff might deem insufficient to enable him to finance the purchase, the defendants Upchurch and the Upchurch Corporations entered into a later, undated, agreement giving the plaintiff in such event the right to give up the Sales *9 Contract and receive the return of the $50,000.00 he had paid.
"11. The Georgia-Pacific Corporation, after cruising the Gibson Lands, was unwilling to enter into contract for the full amount of $11,050,000.00 but the plaintiff did not take advantage of that fact. The plaintiff has been advised by the Georgia-Pacific Corporation that it will enter into a timber contract with him for an amount deemed by the plaintiff to be adequate, and plaintiff is and will be prepared to pay in cash at the Closing the full purchase price called for by the Sales Contract, but the defendant Upchurch and the defendant Upchurch Corporations have wrongfully breached the Sales Contract and refused to perform claiming that even though they are in default on their part the failure of the Georgia-Pacific Corporation to contract for the exact amount named in the Supplement was for the benefit of said defendants and permitted them to escape from the Sales Contract.
"12. By letter dated at Daytona Beach, Florida, November 24, 1971, defendant Upchurch individually and as agent for the Upchurch Corporations advised plaintiff of the above and foregoing contentions of those defendants and tendered to plaintiff the return of the sum of $50,000.00 in the form of a Cashier's check of the First National Bank of Ormond Beach, Florida, dated November 24, 1971, in that amount, payable to T.B. Upchurch, Agent, and endorsed to plaintiff, which tender was refused and the aforesaid check was returned to the defendant Upchurch by registered letter dated November 30, 1971.
"13. The subject matter of the Sales Contract was recognized by the parties to be the real estate owned by the Canal and Paperwood Corporations, the Sales Contract expressly providing in its paragraph 6 that:
`The parties hereto acknowledge that this is an agreement providing for the conveyance of Real Property and is subject to specific performance in the Florida Courts.'
The said lands are of a unique nature, character and value and by reason thereof have a special and unascertainable value to the plaintiff and the wrongful refusal of the defendants Upchurch and the Upchurch Corporations to proceed under the Sales Contract to cause the defendants Canal and Paperwood Corporations to convey the Gibson Lands to the plaintiff will cause him irreparable injury, harm and damage and plaintiff has no adequate remedy at law."
In his first amendment to the complaint, petitioner added The Buckeye Cellulose Corporation and Mrs. Pete Gibson as additional defendants in the cause, and additionally alleged that,
"14. Subsequent to the filing of the original Complaint herein, the Defendant, CANAL TIMBER CORPORATION, conveyed a portion of the lands described in the original Complaint herein to Defendant, THE BUCKEYE CELLULOSE CORPORATION, by Warranty Deed dated December 7, 1971, filed and recorded on December 7, 1971, in Official Record Book 88, Page 218 et. seq., of the Public Records of Taylor County, Florida.
"15. At the time of the execution and delivery of the Warranty Deed (Exhibit 7) to Defendant, THE BUCKEYE CELLULOSE CORPORATION, the said Buckeye Cellulose Corporation had actual and constructive knowledge of the contract between the plaintiff and the defendant, T.B. UPCHURCH, JR., et al., referred to in Paragraph 5 of the Complaint. Said contract described in Paragraph 5 of the Complaint (Exhibit 2) was recorded prior to December 7, 1971, in the Official Records of Taylor County, Florida, and prior to December 7, 1971, Defendant, THE BUCKEYE CELLULOSE CORPORATION, had been advised of the existence of the contract, *10 Exhibit 2 to the Complaint. Said Warranty Deed to Defendant, THE BUCKEYE CELLULOSE CORPORATION, is and was subject to the aforesaid contract between the Plaintiff and T.B. Upchurch, Jr., et al., and subject to all of the Plaintiff's rights under said contract.
"16. Upon information and belief Plaintiff alleges that the Defendant, T.B. UPCHURCH, JR., et al., has exercised the option contract marked as Exhibit 1 to the Complaint and referred to in Paragraph 4 of the Complaint, and that the optionees therein have acquired the controlling stock interest in Defendant, CANAL TIMBER CORPORATION, a Florida corporation, and GIBSON PAPERWOOD COMPANY, INC., a Florida corporation.
"17. Between September 1, 1971, and December 7, 1971, the original Defendants to this cause and the additional Defendants, THE BUCKEYE CELLULOSE CORPORATION and MRS. PETE GIBSON, willfully, wantonly and maliciously conspired together to interfere with the Plaintiff's rights under said contract referred to in Paragraph 5 (Exhibit 2) in that the Defendants conspired together to refuse to perform said contract and caused a portion of said lands to be conveyed to Defendant, THE BUCKEYE CELLULOSE CORPORATION, as heretofore alleged. As a result of said conspiracy Plaintiff has been delayed in acquiring title to the lands he contracted to purchase from T.B. Upchurch, Jr., et al., and has been compelled to employ counsel and incur costs in connection with the pending litigation and has lost the use of said lands pending the final determination of this cause.
"18. The Plaintiff further alleges upon information and belief that Defendants or some of the Defendants are presently cutting and removing timber from the lands involved in this cause and unless the Defendants and all of them are enjoined from cutting and removing timber from said lands, the Plaintiff will be irreparably harmed and damaged. The Plaintiff has entered into an agreement to sell the timber on said lands to GEORGIA-PACIFIC CORPORATION, a Georgia corporation, and has entered into an agreement with said GEORGIA-PACIFIC CORPORATION for the financing of the purchase price of said lands and the said financing agreement is dependent upon the said timber sales agreement."
In a second amendment to the complaint, petitioner restated paragraph 18 with a slight variation and further alleged:
"20. On September 15, 1971, the Defendant, GRACE H. GIBSON, individually, and as agent for L.P. GIBSON (now deceased), entered into a certain agreement with the Defendant, T.B. UPCHURCH, JR., et al., in order to implement and facilitate the closing of the contract between the Plaintiff and T.B. UPCHURCH, JR., et al, Plaintiff's Exhibit 2, and providing for proposed liquidation of the Defendant, CANAL TIMBER CORPORATION, and the Defendant, GIBSON PAPERWOOD COMPANY, INC.
All of the defendants except respondent answered the complaint as amended. Contesting the sufficiency of the complaint, respondent moved to dismiss for failure to state a cause of action for specific performance. The trial judge in his order dismissing the complaint stated that,
"Based upon the authorities cited, the court has determined that the complaint as amended fails to state a claim against Buckeye for specific performance to compel a conveyance of the land now owned by Buckeye."
The District Court of Appeal, First District, affirmed the trial court's dismissal of the cause and held, inter alia, that petitioner may have a cause of action against Upchurch and his Upchurch Corporations which he proposed to represent as agent, but the respondent was not bound by any *11 agreements between such potential stockholder and a third party even though the respondent had notice thereof and held that the amended and re-amended complaint failed to state a claim upon which specific performance was authorized against Buckeye.
The sole issue presently before this Court is the sufficiency of petitioner's complaint as amended. We do not agree with the trial court's order of dismissal and the affirmation thereof by the District Court. To state a cause of action, Rule 1.110, F.R.C.P. 30 F.S.A., requires that the complaint contain:
"(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to pray for general relief."
The bill of complaint presently challenged before this Court comports with the requirements set out in Rule 1.110(b), F.R.C.P. 30 F.S.A., and is sufficient on its face to state a cause of action. See Pizzi v. Central Bank & Trust Co., Fla., 250 So.2d 895; Knox v. Spratt, supra; Beekman v. Sonntag, supra; Triplett v. Brevard Properties, Inc., supra; Sperling v. Davie, supra. A complaint need only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses. Johnson v. Southern Bell Telephone & Telegraph Co., supra. This Court stated in Pizzi v. Central Bank & Trust Co., supra at 896:
"In all proceedings, except those for declaratory judgments, the test used to determine whether a complaint is sufficient under this rule is:
`Whether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant.' Hankins v. Title and Trust Company of Florida, Fla.App. 1964, 169 So.2d 526, 528."
The purpose of a motion to dismiss is to determine whether the plaintiff has alleged a good cause of action, and for purposes of passing on a motion to dismiss a complaint, the court must assume that all facts alleged in the complaint are true. Odham v. Foremost Dairies, 128 So.2d 586 (Fla. 1961); Connolly v. Sebeco, supra; Simon v. Tampa Electric Co., 202 So.2d 209 (Fla.App. 1967); Geer v. Bennett, 237 So.2d 311 (Fla.App. 1970).
We hold that the complaint as framed states a cause of action and the trial court erred in granting the motion to dismiss the complaint. At this stage of the proceedings, we comment that this decision deals only with pleadings and is not to be construed as dispositive of this case which must be finally determined after a trial on further pleadings and evidence.
Accordingly, the decision of the District Court of Appeal is quashed and the cause is remanded with instructions to remand to the trial court for further pleadings and trial of the issues of fact and final judgment.
It is so ordered.
ROBERTS, ERVIN, ADKINS and McCAIN, JJ., concur.
CARLTON, C.J., and BOYD, J., dissent.