SHIVERS, Judge.
This interlocutory appeal is from the trial court’s order directing verdict on liability against Appellant/Defendant Searcy and in favor of Appellee/Plaintiff McCall and ordering a new trial on damages. The court denied the same motion as to the Co-Defendant Stephens, who is not a party to this appeal.
On December 23, 1976, Searcy was towing a trailer that he had borrowed from Stephens. The trailer was equipped with a single safety chain, 15 inches long, and welded to the front of the trailer tongue. Searcy had also borrowed a steel pin from Stephens about 8 inches long, which was used to attach the trailer to a pulling vehicle. The pin would be dropped through the aligned holes in a truck bumper and the trailer tongue. The pin, once in place, was held in position by turning a safety latch to the horizontal position. While Searcy was driving on a two-lane road West of Quincy, Florida, the trailer became dislodged, pulled into the on-coming lane, and collided with the McCall vehicle, which was in the oncoming lane of traffic.
McCall'instituted suit for personal injuries against both Searcy and Stephens, alleging negligent maintenance and operation of the trailer. The pin was found at the accident site but no longer in place in the truck and trailer holes. The safety chain was still welded to the trailer after the accident, but the bolt that Searcy had used to attach the safety chain to the truck bumper could not be found.
The jury found for both defendants and against the plaintiff on the negligence question. The trial judge thereafter granted the plaintiff’s motion for a directed verdict on liability against defendant Searcy and ordered a new trial on damages.
Section 316.530(2), Fla.Stat. (1977) provides in part:
“When a vehicle is towing a trailer or semitrailer on a public road or highway by means of a trailer hitch to the rear of the vehicle, there shall be attached in addition thereto safety chains from the *1085 trailer or semitrailer to the vehicle. These safety chains shall be of sufficient strength to maintain connection of the trailer or semitrailer to the pulling vehicle under all conditions while the trailer or semitrailer is being towed by the vehicle. ...”
The Order directing verdict in favor of the Plaintiff provided in part:
“ . . . [T]he Court finding that there was uncontroverted evidence that only one safety chain was welded to the tongue of the trailer which did not break and the bolt connecting the chain to the truck sheared, and that Section 316.205(2) F.S. placed an affirmative duty upon Defendant Searcy to have safety chains on the trailer he was towing attached to the pick-up truck he was driving ‘of sufficient strength to maintain connection of the trailer or semitrailer to the pulling vehicle under all conditions while the trailer or semitrailer is being towed by the vehicle,’ that Defendant Searcy attached the chain on the trailer tongue to the truck with a bolt of his own choosing, that when the connecting pin became dislodged, the safety chain failed because the bolt failed to hold, that the subsequent separation of the trailer from the towing vehicle was the proximate cause of the Plaintiff’s injuries, and that the Plaintiff contributed in no way to her injuries. . . . ”
Our review of the evidence and all reasonable inferences deducible therefrom viewed in a light most favorable to Appellant/Defendant Searcy, leads us to conclude that the learned trial judge was correct in directing verdict on the issue of liability in favor of the plaintiff and against the defendant. The defendant Searcy had the affirmative duty pursuant to Section 316.-205(2), Fla.Stat. to have adequate safety chains on the trailer and the breach of this duty was the proximate cause of the plaintiff’s injuries. The plaintiff contributed in no way to her injuries. Section 316.530 is a safety statute designed to protect the general public. Clearly, the plaintiff in this case is a member of the class the statute was intended to protect and the injuries sustained by the plaintiff were the type injuries the statute was designed to prevent.
Appellants having failed to demonstrate reversible error, the Order of the Trial Court is hereby affirmed.
ERVIN, Acting C. J., concurs.
BOOTH, J., dissents.