432 So.2d 129 (1983)
Jim D. BOLTON, Individually, and As Father and Next Friend of Jimmy Bolton, Jr., a Minor, and Carrol Bolton, Individually, Appellants,
v.
James SMYTHE, State Farm Fire & Casualty Company, an Illinois Corporation and Thelma Wallace, Appellees.
No. 81-1583.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
Rehearing Denied June 6, 1983.
L. Edward McClellan, Jr., of McClellan, Kester & Vostrejs, P.A., Ocala, and Wooten, Honeywell, Kest & Martinez, Orlando, for appellants.
Bruce A. Walkley, of McClain, Walkley & Stuart, P.A., Tampa, for appellees James Smythe and State Farm Fire & Cas. Co.
No Appearance for appellee Thelma Wallace.
*130 SHARP, Judge.
The Boltons[1] appeal from a final judgment dismissing their third amended complaint against Smythe and his insurance company. Jimmy Bolton, Jr., a minor, was injured when he collided on his motorcycle with Thelma Wallace, a motorist, on a public road. The Boltons alleged that the accident was partially caused by Smythe's lawn sprinkler, which sprayed water on Thelma Wallace's windshield, obstructing her vision, and resulting in her losing control of her vehicle. We reverse because we think the Boltons adequately stated a cause of action against Smythe.
In order to state a cause of action, a complaint need only contain a short, plain statement as to the ultimate facts which show a pleader is entitled to relief.[2] A reviewing court must assume that all the facts alleged in the complaint are true,[3] and draw all reasonable inferences in favor of the pleader.[4] If a complaint states a cause of action on any ground, a motion to dismiss should be denied.[5]
In this case we think the complaint adequately states a cause of action against Smythe in terms of simple negligence. Count III of the third amended complaint alleged Smythe owned land adjacent to State Road 55; he was operating a lawn sprinkler system on the land; and he knew or should have known the system was spraying water on the windshields of passing vehicles and puddling water on the road. It also alleged Smythe knew or should have known that the spraying and water accumulation involved an unreasonable risk to motorists. As a result of the sprinkling, Thelma Wallace lost control of her car, when: "suddenly and without warning [the sprinkler] sprayed water on her car windshield, thereby causing her to be unable to see through the windshield. That when she attempted to stop her vehicle in order to regain her vision, when she applied her brakes, she skidded on water coming from the sprinkler system owned by [Smythe]" and she collided with Bolton.
It does not appear necessary to us for Bolton to plead any additional facts or elements. His complaint sets out knowledge or imputed knowledge on the part of Smythe that his sprinkler was creating a hazardous condition to passing motorists. From such knowledge arose a duty to the motorists to stop the hazardous sprinkler. He breached this duty by failing to do so, and Bolton was injured as a consequence.[6]
We do not think Smythe's liability turns on his status as a landowner, because what is alleged in this case is active negligence on his part, not a defective condition of his land. See Maldonado v. Jack M. Berry Grove Corporation, 351 So.2d 967 (Fla. 1977); Hix v. Billen, 284 So.2d 209 (Fla. 1973). Here, Smythe's liability for simple negligence should be the same whether his sprinkler caused the hazardous condition or whether he was just a pedestrian squirting traffic with a hose to annoy the passing drivers, so long as Smythe allegedly knew or had reason to know his sprinkler was creating the hazardous condition.[7] This allegation was sufficiently set out in Bolton's complaint.
We also think Count II of the Third Amended Complaint stated a prima facie case of negligence against Smythe for violating a traffic statute (section 316.2045(1), Florida Statutes (1981)) and thereby causing an accident and injury to a person *131 using the roadway. Section 316.2045(1), formerly section 316.103, provides as follows:
It is unlawful for any person or persons willfully to obstruct the free, convenient, and normal use of any public street, highway or road, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon, and any person or persons violating the provisions of this chapter, upon conviction, shall be punished as set forth in s.316.655.
It is well-settled that the violation of such a traffic law is prima facie evidence of negligence.[8] We think Bolton sufficiently alleged a violation of the statute, as described in our discussion of Count III.[9] Further, we think there is no question but what Bolton, as a user of the public road, was clearly within the area of risk created by Smythe's alleged negligence, and that he was within the group of persons the observance of the traffic law was intended to benefit.[10] Bolton did not specifically allege he was a member of this special class, but we do not think it was necessary in this case because he alleged he was proximately and directly injured on the public road, while riding his motorcycle, by a motorist who was affected by Smythe's sprinkler. Two users of a public road are clearly within the group intended to be protected by traffic safety laws.
For the reason herein stated, the judgment appealed is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
COWART, J., and WEINBERG, RICHARD G., A.J., concur.
NOTES
[1] Suit was brought by Jim D. Bolton, individually, and as father and next friend of Jimmy, Jr., a minor, and Carrol Bolton, Jimmy's mother.
[2] Fla.R.Civ.P. 1.110(b).
[3] Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla. 1973).
[4] Orlando Sports Stadium, Inc. v. State ex rel Powell, 262 So.2d 881 (Fla. 1972).
[5] Carson v. Ft. Lauderdale, 155 So.2d 620 (Fla. 3d DCA 1963).
[6] Ankers v. District School Bd. of Pasco County, 406 So.2d 72 (Fla. 2d DCA 1981).
[7] Harden v. Jacksonville Terminal Co., 128 Fla. 631, 175 So. 226 (1937); see Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA 1983); Restatement (Second) of Torts, § 371 (1965).
[8] Marsden v. Patane, 380 F.2d 489 (5th Cir.1967); deJesus v. Seaboard Coast Line R.R. Co., 281 So.2d 198 (Fla. 1973); Smith v. Lumbermen's Mut. Cas. Co., 360 So.2d 1098 (Fla. 1st DCA 1979); Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966); Michalski v. Peaslee, 174 So.2d 427 (Fla. 2d DCA 1965).
[9] See Ahrens v. Hayworth, 189 So.2d 163 (Fla. 2d DCA 1966).
[10] See Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977); Searcy v. McCall, 374 So.2d 1084 (Fla. 1st DCA 1979).