PER CURIAM.
This is an appeal from a final judgment in favor of the defendants below. The action was for personal injury and property damage arising out of a motorcycle/car collision occurring on November 8, 1977. The action was brought by a minor plaintiff, David William Gray, Jr., the operator of a motorcycle, together with the derivative claims of his parents, against multiple defendants: Edward M. Break, the operator of an automobile; Break’s insurance carrier; and various pedestrians: Stephen Dart, Shawn D. Clark, Robb S. Gooch, Karen Leanne Miller and Susan Hutchison Caldwell. An insurance carrier was joined with each pedestrian.
At the conclusion of the evidence, the ■ trial court directed a verdict for the pedestrians and their insurance carriers and the case was submitted to the jury on the issues between the plaintiffs and the defendant Break. The jury returned a defense verdict. This appeal followed judgment for all defendants.
The complaint alleged the pedestrians were negligent in crossing State Road 424 in a “jaywalking” manner and that Gray, Jr., was injured when the motorcycle he was operating collided with the rear of Break’s automobile which, according to Gray’s complaint, stopped abruptly in the driving lane to allow the jaywalking pedestrians to cross. In a separate count, the Grays alleged that Break was negligent in the manner in which he stopped his automobile, resulting in the collision and damages referred to above.
The testimony is in conflict as to the conduct of the pedestrians in “jaywalking” across State Road 424 and in Break’s reaction or manner of stopping. The pedestrians, for example, maintain that they had not crossed the double yellow line dividing the north bound and south bound lanes, and that they did not hear brakes or tires squealing prior to the impact. The pedestrian Clark stated that Break’s stop was “like a panic stop.” The pedestrian Miller stated that the stop was sudden but without skidding and that “I may call it sudden *1299 because I wasn’t expecting it.” The pedestrian Gooch indicated that the stop was “sudden” because he was “waiting for the car and the motorcycle to come by, and everything happened.” One of the pedestrians admitted being charged with and pleading guilty to the jaywalking charge.
Break, on the other hand, testified that although no pedestrian had crossed into his actual travel lane, the group had crossed the double yellow line into one of the south bound lanes on which he was proceeding. He heard screeching brakes before the impact, but he did not slam on his brakes and his stop was not sudden or abrupt. He further testified that when approximately 100 feet from the pedestrians, he took his foot off the gas pedal, slowing, and gradually applied the brakes. Prior to that, he said, he had eased up on the accelerator. He stated he stopped his car because he was “just not sure of what they were going to do. I was afraid that one of them (the pedestrians) might dart in front of me or just weren’t paying attention.”
Gray, Jr., testified that Break stopped abruptly and suddenly in front of him and he thereupon crashed into the rear end of Break’s vehicle. Other testimony reflected that there were also traffic signals in operation approximately three blocks north of where the pedestrians crossed. There was a marked crosswalk and traffic signal at Hazel Street, about 250 feet south of where the pedestrians crossed.
Despite the foregoing conflict in testimony the lower court granted a motion for a directed verdict in favor of the pedestrians. We believe there was a basis within this evidence from which the jury reasonably could have found that actions by the pedestrians contributed to the proximate cause of the accident.
It should be noted that upon consideration of a motion for directed verdict, the plaintiff is entitled to the resolution of all inconsistencies in the evidence in his favor. Such motion should not be granted where the jury might reason that the actions of the pedestrians were the proximate cause of the accident sued upon. In order to maintain a cause of action sounding in negligence, the plaintiff must establish that the injury or damage to the plaintiff was proximately caused by the defendant’s failure to conform to a standard of conduct designed for the protection of others, including the plaintiff. See Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). In the instant case, the evidence was ample, albeit in dispute, to submit the matter to the jury to determine: whether “No Jaywalking” signs were in the area; whether such signs were designed to implement “traffic control;” if the pedestrians violated section 316.130, Florida Statutes (1981),[1] by crossing the roadway where they did; and whether such “jaywalking” was a proximate cause of Gray’s injuries. Therefore, for the reasons herein stated, the judgment in favor of the defendant pedestrians and their carriers is reversed and the cause remanded for new trial as to them.
In regard to the appeal of the defense verdict and judgment for Break, the issue is whether or not the plaintiffs were prejudiced by the revelation that Gray’s insurance carrier paid for damage to the rear of Break’s car. This irrelevant issue was injected into the trial, however, by counsel for the plaintiffs when, on direct examination of Break as an adverse witness, he asked:
*1300 You apparently did not turn that over to State Farm (Break’s carrier) to have them take care of it?
Break’s answer was responsive:
I turned it over to plaintiffs’ insurance company.
It was error for the trial court, over objection, to allow defense counsel to reopen this matter on cross-examination, but we find that error to be harmless in view of section 59.041, Florida Statutes (1981),[2] the “harmless error” statute, and our review of the trial record.
The insurance evidence of which the plaintiffs now complain on appeal was initially injected into the trial by their counsel. Under this circumstance, that issue cannot be the basis for reversal because the error was invited. See Bould v. Touchette, 349 So.2d 1181 (Fla.1977); Keller Industries, Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977). Consequently, we affirm the judgment for the defendant Break and his carrier, State Farm Mutual Automobile Insurance Company.
AFFIRMED in part; REVERSED in part; and REMANDED for new trial consistent with this opinion.
COBB and COWART, JJ., and C. WEL-BORN DANIEL, Associate Judge, concur.

. Section 316.130, Florida Statutes (1981), states in part as follows:
(1) A pedestrian shall obey the instructions of any official traffic control device specifically applicable to him unless otherwise directed by a police officer.
[[Image here]]
(10) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
(11) Between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked crosswalk.
See also Bolton v. Smythe, 432 So.2d 129 (Fla. 5th DCA 1983) (violation of traffic law is prima facie evidence of negligence).

. Section 59.041, Florida Statutes (1981), provides:
Harmless error; effect. — No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error compained of has resulted in a miscarriage of justice. This section shall be liberally construed.