HENDRY, Judge.
Aurora de Herrera, as personal representative of the estate of Alvaro Herrera, appeals from the entry of a final summary judgment in favor of appellee Gulf & Western Industries, Inc. and a final cost judgment in favor of appellee. We reverse and remand for a trial on the merits.
Alvaro Herrera was killed when his car struck a tractor-trailer which had crossed the center line on U.S. Highway 27 to avoid hitting other vehicles stopped behind one of appellee’s vehicles as it was waiting to make a left turn into the sugar mill. Mrs. Herrera filed suit against appellee alleging, inter alia, that it had created a dangerous condition on U.S. 27 by its manner of operating the sugar mill, that it had the duty to correct or warn of this dangerous condition, that it negligently breached this duty, and that Mr. Herrera’s death was proximately caused by appellee’s negligence. The trial court granted appellee’s motion for summary judgment and this appeal ensued.
After careful examination of the extensive record on appeal we find that there are substantial questions of fact, law and credibility which must be resolved by a jury. It is clear from the record that appellee considered the intersection of its main entrance and U.S. 27 to be dangerous. It commissioned a study in 1975 to explore the feasibility of installing a left turn lane for vehicles entering the sugar mill from the south, as a way of relieving the congestion on U.S. 27. It installed a right turn *692 lane for vehicles entering the sugar mill from the north. Before this accident occurred appellee had started the process of having a flashing yellow light installed at the intersection. It had installed signs warning motorists of trucks entering the highway.[1] These signs, however, did not conform to Department of Transportation regulations, were unauthorized, and, in the opinion of three expert witnesses, were distracting to the driver of the truck which Herrera struck.[2] Various witnesses testified by affidavit or deposition that if appel-lee’s manner of using this intersection was creating a condition hazardous to other motorists on U.S. 27, it was appellee’s responsibility to modify either its entrance or U.S. 27 to make the intersection safer.
In addition, Mr. Dunn testified on deposition that there was mud and sugar cane debris on the road which made the road slippery, “like driving on snow and ice.” The driver of the truck directly ahead of Dunn also mentioned mud and sugar cane droppings on the road. The record reflects that U.S. 27 is the main route used by appellee’s cane trucks, as well as trucks from two other neighboring sugar mills in which appellee has an ownership interest, to carry the cut sugar cane to the mill for grinding. A certain number of these trucks turn onto U.S. 27 directly from the sugar cane fields. Whether the condition of the roadway was such that it was a factor in the accident, and whether appellee negligently allowed debris to fall out of its sugar cane trucks thus creating a hazardous driving condition for motorists on U.S. 27, are questions of fact for the jury to resolve. See Bolton v. Smythe, 432 So.2d 129 (Fla. 5th DCA), rev. denied, 440 So.2d 353 (Fla.1983).
The cost judgment entered by the trial court awarding costs to appellee pursuant to section 57.041, Florida Statutes is reversed.
Reversed and remanded.

. Appellee’s own traffic count in one 24 hour period in December, 1980 (the height of the sugar cane "season”) showed 4,717 vehicles entering or exiting from appellee’s access road from U.S. 27. A Department of Transportation traffic count in April, 1981 (after the season was over) showed approximately 2,000 vehicles entering or exiting the access road from U.S. 27. During the period from March 1, 1980 to February 28, 1981, there were several accidents near the intersection with approximately $38,000 in property damage.

. The driver, Charles Dunn, testified on deposition that he was reading one of these warning signs right before he noticed that the truck ahead of him was stopping. He said, however, that he wasn’t distracted.