PER CURIAM.
This is an appeal from the trial court’s dismissal of Mary Bennett's fourth amended complaint which was grounded on the tort theory of product liability. It is appellant’s contention that the trial court erred since she sufficiently alleged a “market share” theory of products liability. Alternatively, she contends that she has sufficiently set out a cause of action based on the traditional theory of strict liability. We disagree with appellant’s first contention but agree with her second.
There is no cause of action founded on a “market share” theory of product liability in a case where, as here, appellant identified appellees as the manufacturers of the asbestos products to which her deceased husband was fatally exposed. Celotex Corp. v. Copeland, 471 So.2d 533 (Fla.1985). Even though that be so, we reverse because appellant has sufficiently alleged the proper elements of a cause of action based on the traditional theory of strict liability. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976); Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973); Fla.R.Civ.P. 1.110(b).
Reversed and remanded for reinstatement of the complaint and for further proceedings.
SCHEB, A.C.J., and DANAHY and FRANK, JJ., concur.