DAUKSCH, Judge.
This is an appeal from an order dismissing appellant’s complaint for failure to *1085 state a cause of action. When considering whether a complaint states a cause of action the court must take all well-pleaded allegations as true and then determine whether there is a basis upon which the court can grant the requested relief. Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla.1983); Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973).
The city has alleged in a three count complaint the following. First, the city says it has a Comprehensive Development plan and that the state legislature has enacted a law which prohibits anyone from violating that plan. The city seeks a declaratory judgment and an injunction to prevent the county from widening a road which passes through the city. If the city is correct in its allegations, a matter we do not determine here, that a city Comprehensive Plan controls over county road construction, then a cause of action has been pleaded. It is up to the appellee to file a proper answer and the case proceed thence forward.
Second, the city alleges the county is attempting to violate its own “Orange County Growth Management Policy” and that in so doing the city will be injured. It seeks the same declaratory and injunctive relief.
The first and second counts of the complaint state a cause of action, so it was error to dismiss them.
In its third count, the city alleges “Arbitrary and Capricious Official Action” and says generally the proposed widening of the street is unlawful, erroneous, an abuse of discretion, and adversely affects city interests. We agree with the trial court that this latter count is insufficient, on its own, to state a cause of action. However, the city should be permitted, if it wishes, to replead this count to state a cause of action, if it can.
The order dismissing the complaint is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J., and GOSHORN, J., concur.
ON MOTION FOR CLARIFICATION
The City has sought clarification for our opinion because we failed to address an additional issue which was on appeal. We grant the motion for clarification and affirm the order of the trial court granting attorney fees to the City.
MOTION GRANTED; ORDER AFFIRMED.
SHARP, and GOSHORN, JJ., concur.