Mr. Larry M. Haag Citrus County Attorney 107 North Park Avenue Suite 8 Inverness, Florida 32650
Dear Mr. Haag:
On behalf of the Citrus County Board of County Commissioners, you ask substantially the following question:
Do the provisions of Ch. 164, F.S., apply to administrative hearings authorized by Ch. 120, F.S., the Administrative Procedures Act?
In sum, I am of the opinion that:
The provisions of Ch. 164, F.S., do not apply to administrative hearings authorized by Ch. 120, F.S., the Administrative Procedures Act.
You state that the county may be involved in an administrative hearing with respect to Crystal River's Comprehensive Plan.[1]
You, therefore, ask whether the provisions of Ch. 164, F.S., requiring certain procedures be taken before a county or municipality files suit against another county or municipality, apply to administrative hearings brought under Ch. 120, F.S., the Administrative Procedures Act.
Chapter 164, F.S., the Florida Governmental Cooperation Act,[2]
creates a governmental dispute resolution process for the purpose of providing an "equitable, expeditious, effective, and inexpen-sive method for resolution of disputes between and among counties and municipalities."[3] Section 164.103(1), F.S., requires the governing body of a county or municipality to notify the potential defendant county or municipality of its intent to file suit at least 45 days prior to filing the suit. A county or municipality, receiving such notice, is required to hold a public hearing within 30 days after receipt of the notice.[4] The governing body of the county or municipality giving the notice and the governing body of the county or municipality receiving such notice are required to discuss the proposed litigation at the meeting in an effort to amicably settle the controversy.[5] The notice and meeting requirements of s. 164.103, F.S., are waived if the county or municipality finds that an immediate danger to the health, safety, or welfare of the public requires immediate action.[6]
If the governing body of a county or municipality which received notice of intent to file suit pursuant to s. 164.103(1), F.S., fails to hold a public hearing to discuss the proposed litigation, that body "shall be required to pay the attorney's fees and costs in that proceeding of the county or municipality which has filed suit."[7]
Thus, Ch. 164, F.S., requires county and municipalities to give notice of their intent to sue another county or municipality and to hold a public meeting prior to the filing of such suits in order to attempt to amicably settle the controversy. The chapter uses the terms "file suit" and "litigation" in describing the proceedings subject to the act; it requires notification to the "potential defendant county or municipality." Such terms generally refer or relate to actions in court.[8] Moreover, an examination of the legislative history surrounding the enactment of Ch. 164, F.S., indicates that the act seeks to provide a means of avoiding judicial proceedings.[9] There is no evidence in the legislative history which indicates an intent to apply the provisions of the act to administrative proceedings.[10]
The concerns of the Legislature in adopting Ch. 164, F.S., to provide an equitable, expeditious, effective and inexpensive method for resolving disputes between and among counties and municipalities, however, may well be applicable to administrative proceedings. A county or municipality, therefore, may be well advised to follow the procedures in Ch. 164, F.S., as a means of resolving intergovernmental disputes. However, based upon my review of the act and its legislative history, I cannot conclude that adherence to the procedures prescribed in Ch. 164, F.S., is required.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See generally, s. 163.3184(9), F.S., providing that if the state land planning agency issues a notice of intent to find the comprehensive plan transmitted pursuant to ss. 163.3167 or163.3191, F.S., is in compliance with the act, any affected person, within 21 days after publication of the notice, may file a petition with the agency pursuant to s. 120.57, F.S.; and s.163.3184(10), F.S., providing for a s. 120.57, F.S., proceeding if the local plan or amendment is considered not to be in compliance by the state land planning agency.
[2] Section 164.101, F.S.
[3] Section 164.102, F.S.
[4] Section 164.103(2), F.S. And see, s. 164.106(1), F.S., which provides:
In any suit filed wherein the governing body of a county or municipality is a defendant, no settlement shall be entered into unless the terms of the settlement have been the subject of a public hearing held after the county or municipality so sued gives due public notice.
But see, s. 164.106(2), F.S., which permits a local government to settle a case at a public meeting subject to s. 286.011, F.S., where it records in the minutes the reasons for which an emergency exists which precludes the local government from holding a public hearing on the settlement.
[5] Section 164.103(2), F.S. And see, s. 164.105, F.S., which tolls the applicable statute of limitations for 45 days from the date or receipt by the potential defendant local governmental entity of the notice of intent to sue.
[6] Section 164.103(3), F.S.
[7] Section 164.104, F.S. See, City of Maitland v. Orange County,546 So.2d 1084 (5 D.C.A. Fla., 1989), in which the district court upheld the lower court's award of attorney's fees to the city for the county's failure to comply with s. 163.103(2), F.S. Although the county subsequently invited the city to participate in a public meeting after the lawsuit had been filed, the lower court held that such offer did not relieve the county of the obligation to pay the attorney's fees and costs of the city.
[8] See, e.g., Black's Law Dictionary Litigation 1082 (contest in a court of justice for purpose of conferring a right, a judicial controversy) and Suit 1602 (proceeding in a court of justice) (4th rev. ed. 1968); 83 C.J.S. Suit 785 (in a legal sense, as an action or proceeding in a court of justice for the enforcement of a right or claim or redress of an injury).
[9] See, e.g., Tape 1, Senate Governmental Operations Committee, dated April 22, 1987, in which Senator Stuart, a sponsor of the legislation, stated that the purpose of the bill is to require city and county commissions to meet with each other to work out "a lot of these problems face to face rather than their meeting in circuit court." And see, Senate Staff Analysis and Economic Impact Statement, Senate Committees on Governmental Operations and Economic, Community and Consumer Affairs, May 7, 1987, on CS/SB 593, which states that under the statutes at that time did not specifically address litigation between county and municipal government:
Section 86.019, F.S., provides for the rights of counties and municipalities to be heard in proceedings for declaratory relief. These types of suits are the most common involving municipality and county governments . . . . No statutory requirement currently exists for the governing bodies of the involved local governments to hold a public meeting before proceeding to court.
[10] The staff analysis states that the effect of the proposed change would be to require notice and the holding of a public hearing to provide a forum for both governing bodies to discuss the pending litigation.