KLEIN, J.
Plaintiff was injured while rollerblading when she tripped on rocks which the fifteen year old defendant had knocked from his porch into the street with a hockey stick. She alleged in her complaint that he knew or should have known that she and others rollerbladed in this area, and *552 that her injuries resulted from his negligence, but the trial court dismissed for failure to state a cause of action. We reverse.
Plaintiff alleged that she had rollerblad-ed three times around the circle of a roadway while the defendant was sitting on the front porch of his house, observing her, and on her fourth lap she tripped and injured herself after striking a cluster of rocks which defendant had hit into the street with his hockey stick. She further alleged that the defendant knew that she and others rollerbladed on the street and knew or should have known that he was creating a dangerous condition.
Plaintiff relies primarily on Bolton v. Smythe, 432 So.2d 129 (Fla. 5th DCA 1983), in which a plaintiff, who was on a motorcycle, was struck by a motorist. The plaintiff alleged that the accident was partially caused by a landowner whose lawn sprinkler sprayed water on the motorist’s windshield, obstructing her vision, and resulting in her losing control of her vehicle. He also alleged that the landowner knew or should have known the sprinkler was spraying water on the windshields of passing vehicles and creating a layer of water on the road which created an unreasonable risk to motorists. This caused the motorist to be unable to see, and when she attempted to stop her vehicle by applying her brakes, she skidded on the water and collided with plaintiff. The trial court dismissed the complaint for failure to state a cause of action, but the Fifth District reversed, holding that the landowner had a duty to stop the hazardous sprinkler from creating the danger. We agree with Bolton and reverse.
FARMER and MAY, JJ., concur.