**UNITED STATES of America**

v.

**HANEY CHEVROLET, INC.**

**No. 73–22–Orl–Civ–Y.**

United States District Court,
M. D. Florida,
Orlando Division.

Feb. 28, 1974.

Jeffry R. Jontz, Asst. U. S. Atty., Orlando, Fla., for plaintiff.

William M. Rowland, Jr., Orlando, Fla., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. YOUNG, Chief Judge.

The United States seeks in the above-entitled action to impose a civil penalty against Haney Chevrolet, Inc. for violation of Section 203(a)(3) of the Clean Air Act, 42 U.S.C., Section 1857f-2(a)(3), and to restrain Haney Chevrolet, Inc. from any further violation of the Act. Section 203(a)(3) of the Clean Air Act provides:

> The following acts and the causing thereof are prohibited—
>
> \* \* \* \* \* \*
>
> for any person to remove or render inoperative any device or element of design installed on or in a motor vehicle or motor vehicle engine in compliance with regulations under this title prior to its sale and delivery to the ultimate purchaser, or for any manufacturer or dealer knowingly to remove or render inoperative any such device or element of design after such sale and delivery to the ultimate purchaser.

The United States alleges that on or about July 26, 1972, Haney Chevrolet,

Inc., an automobile dealer in Orlando, Florida, sold a new 1972 Chevrolet Corvette, Model LT–1, to William L. Ellis of Orlando, Florida. The United States further alleges that on or about August 23, 1972, Haney Chevrolet, Inc. violated 42 U.S.C. Section 1857f–2(a)(3) by knowingly removing the original carburetor and its accompanying idle speed solenoid from that Corvette and replacing the carburetor without replacing the idle speed solenoid and knowingly rendering inoperative the transmission-controlled spark system on the Corvette. (The United States consolidated for trial these two devices or systems into one count.) Each of these devices or systems is alleged to be an emission control device or element of design which was installed on the Corvette by the manufacturer in compliance with the regulations promulgated by the Administrator of the Environmental Protection Agency pursuant to Title II of the Clean Air Act.

Prior to trial the parties stipulated that the following facts were without substantial controversy and were to be deemed established at trial:

1. The defendant, Haney Chevrolet, Inc., is a corporation organized under the laws of the State of Delaware and during the years 1972, 1973 and to the present in 1974, has been and is engaged in the sale and distribution of new Chevrolet motor vehicles within the Middle District of Florida.

2. On or about July 26, 1972, Haney Chevrolet, Inc. sold the 1972 Chevrolet Corvette, VIN 1Z67LZS526003, to William L. Ellis for personal use and not for resale, and said William L. Ellis did take delivery of said 1972 Chevrolet Corvette after said sale.

3. On or about August 23, 1972, Donald McDowell, on instructions given him by Douglas Irvine, the then Haney Chevrolet Service Manager, removed the original carburetor and accompanying idle speed solenoid from said Chevrolet Corvette, and installed a new carburetor without said idle speed solenoid, thereby rendering the idle speed solenoid inoperative.

4. On or about August 23, 1972, Donald McDowell, on instructions given him by Douglas Irvine, rendered inoperative the transmission control spark system on said Chevrolet Corvette.

5. The transmission control spark system and the idle speed solenoid are emission control devices or elements of design within the meaning of Chapter 42 U.S.C., Section 1857f–2 and the regulations promulgated thereunder.

There remained for trial by the jury two genuine issues of fact raised by defendant's affirmative defenses:

1. Whether or not Donald McDowell, a mechanic of the defendant, and/or Douglas Irvine, defendant's service manager, were acting within the scope of their employment or agency with Haney Chevrolet, Inc., on or about August 23, 1972, when the idle speed solenoid was removed from said Chevrolet Corvette and when the transmission control spark system on said Chevrolet Corvette was rendered inoperative; and

2. Whether or not Donald McDowell and/or Douglas Irvine knowingly removed or rendered inoperative said devices or systems with the intent that they remain permanently removed or inoperative.

After the plaintiff and defendant had completed presentation of their evidence to the jury, plaintiff, United States, moved, pursuant to F.R.Civ.P. 50(a), for a directed verdict in its favor, on the ground that the parties' presentations showed that there existed no remaining genuine issues of fact for determination by the jury.

■ For reasons set forth *infra* it is ordered that a directed verdict be entered on the Government's civil penalty claim in favor of the plaintiff. There remains at the conclusion of all the evi-

dence no genuine issue of fact for determination by the jury on either of the questions specified to be tried before the jury. Without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict in this case; therefore, a directed verdict in favor of the plaintiff is required. Boeing Company v. Shipman, 411 F.2d 365, 389 (5th Cir. 1969).

■■ On the agency question which was specified before trial for determination by the jury, the evidence presented dictated but one conclusion: that defendant's service manager and mechanic were acting within the scope of their employment with the defendant on or about August 23, 1972 when they removed the idle speed solenoid and rendered inoperative the transmission controlled spark system on Mr. Ellis' Chevrolet Corvette. It is uncontroverted that the defendant's service manager and mechanic removed or rendered inoperative these emission control devices in the regular course of the duties in the defendant's service garage during their normal day-to-day activities and in the general furtherance of defendant's business interests. Clearly, neither Mr. Irvine nor Mr. McDowell performed any of this work on the Corvette toward any personal ends; rather, the work was done to serve the defendant's business interests. Under Florida law, an employer is liable for the improper acts of its employees or agents committed in the scope of their employment, even though they may have deviated from the employer's instructions. Collazo v. John W. Campbell Farms, 213 F.2d 255 (5th Cir. 1954); Jacobi v. Claude Nolan, Inc., 122 So.2d 783 (Fla.App.1960). Therefore, a directed verdict in favor of the United States is required on this issue.

The other question which was specified prior to trial for determination by the jury involves the issue of whether or not the defendant's service manager and mechanic knowingly removed or rendered inoperative these emission control devices or systems with the intent that they remain permanently removed or inoperative. Defendant has contended that its employees removed or rendered inoperative said devices or systems with the intent that they remain so only temporarily until a solution to the Corvette's engine problems could be found. Defendant further contended that to leave the devices engaged on the Corvette until a solution was found would present a fire hazard to the occupants of the vehicle.

The United States in its motion for a directed verdict moved that the Court order that as a matter of law such facts, even if proved, would not constitute a defense to plaintiff's action. This question requires interpretation of the language of 42 U.S.C. Section 1857f–2(a)(3). It is a case of first impression, and there is virtually no legislative history to assist the Court in its interpretation of this section.

■■ The statute states that it is unlawful for a dealer "knowingly to remove or render inoperative" certain emission control devices or elements of design from a vehicle. It is well-settled that an act is done knowingly when it is done voluntarily and intentionally, and not by mistake or accident. The Court interprets that the prohibited act of "removal or rendering inoperative a device or element of design" is complete within the meaning of this statute when the dealer knowingly removes or renders inoperative the emission control devices or elements of design on a particular vehicle and voluntarily relinquishes custody and control of the vehicle, (or custody and control by an agent or employee of the dealer) with the emission control devices or elements of design removed or rendered inoperative.

While common sense dictates that the dealer or an agent or employee of the dealer may remove or render inoperative any such emission control devices or elements of design on a vehicle for purposes of testing that vehicle while in his custody and control, the statute must be interpreted to prohibit the dealer or his agent or employee from removing or

rendering inoperative any such emission control devices or elements of design and thereafter releasing such vehicle from his custody and control without first re-engaging and making operative all devices or elements of design previously removed or rendered inoperative by him.

██ In this case it is uncontroverted that Mr. Irvine, defendant's service manager, voluntarily permitted Mr. Ellis to take his Corvette from defendant's service garage after the idle speed solenoid had been removed and the transmission controlled spark system had been rendered inoperative. Thereafter, Ellis traded in the Corvette at a dealer in St. Petersburg who in turn sold the vehicle with the solenoid still removed and the TCS system still inoperative to another private party.

There is therefore no possible construction of the evidence which could be other than that the defendant, through its employees, permitted the Corvette to leave the custody and control of the defendant with the solenoid removed and the TCS system inoperative. On the second remaining issue then this Court concludes that the plaintiff is entitled to prevail as a matter of law and there is nothing to submit to a jury; it is therefore,

Ordered that a directed verdict in favor of the plaintiff, United States of America, is granted; and in accordance with the provisions of Title 42, United States Code, Section 1857f–4; it is,

Ordered that a civil penalty in the amount of Five Hundred Dollars ($500.-00) is imposed against the defendant, Haney Chevrolet, Inc.

██ The plaintiff also sought an injunction against the defendant but there was no evidence that there is any threat or likelihood of the defendant engaging in similar actions and there was no evidence that the defendant has engaged in any other similar acts, so that the removal of the solenoid and the rendering inoperative of the TCS system on the Ellis Corvette stands as an isolated instance with mitigating circumstances.

The Court concludes that Irvine in good faith ordered the offending work done, believing it to be necessary to permit the proper operation of the vehicle which had caught fire on several occasions. Under the circumstances of this case then, the evidence fails to support the need for, or the propriety of, issuing injunctive relief. Accordingly, the prayer for injunctive relief is denied.