395 So.2d 584 (1981)
Margaret Joann PADGETT et al., Appellants,
v.
The SCHOOL BOARD OF ESCAMBIA COUNTY, Florida, et al., Appellees.
No. UU-234.
District Court of Appeal of Florida, First District.
March 18, 1981.
*585 W.H.F. Wiltshire and James M. Wilson of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellants.
G. Miles Davis of Beggs & Lane, Pensacola, for appellees.
PER CURIAM.
This appeal is taken from an order dismissing a third amended complaint with prejudice on the ground that the appellants failed to allege any duty owed them by appellee, The School Board of Escambia County. This action was brought by Margaret Joann Padgett on behalf of her minor son, David Lee Huddleson (appellants), to recover damages for serious injuries allegedly caused by defendants that Huddleson incurred while he was crossing a street at or near a school crossing in Escambia County.
We reverse the order only as to those allegations concerning the principal's negligent operation of or failure to operate the warning signals at the school crossing, as those allegations adequately allege a duty. The remaining allegations which relate to activities not voluntarily assumed by the principal are not actionable.
The third amended complaint alleged that the School Board, through the acts of its principal, had voluntarily undertaken to operate flashing operating lights at the school crossing. For purposes of a motion to dismiss the allegations of a complaint are taken to be true. It is also axiomatic that the law imposes an obligation on everyone who attempts to do anything, even gratuitously, for another to exercise some degree of care and skill in the performance of what he has undertaken. Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932); Fla.Jur., Negligence, § 13. See also, Shealor v. Ruud, 221 So.2d 765 (Fla. 4th DCA 1969), which held that once a city had elected to install a traffic warning system, it had assumed a duty to operate the system properly.
It cannot be determined from the face of the complaint, or as a matter of law, that the principal was not acting within the scope of his employment by his decision to operate the warning lights. There does not appear to be any legal authority precluding agents of the school board from operating traffic control lights. On the contrary, the school board has the authority to operate school crossing lights if it chooses to do so. See Section 232.25, Florida Statutes (1975).[1] Moreover, Section 316.184, Florida Statutes (1975), which places the duty of installing *586 and maintaining school traffic control devices upon the Department of Transportation and local government authorities, in no way preempts a school board from operating school traffic control devices. And finally, although the principal, as the School Board argues, may have presumptively been without authority to operate the light since the appellants did not allege in their complaint that the school board had adopted a rule pursuant to Section 232.25, which would have given the principal authorization, nevertheless, the failure to so allege does not require dismissal of the complaint. Cases are legion holding a principal liable to a third party for an unauthorized act of an agent when the agent was acting within his or her apparent authority. Further, the legal concepts "scope of employment" and "actual authority" are not mutually inclusive. An agent may still have acted within the scope of his authority even though he deviated from his employer's instructions. See United States v. Haney Chevrolet, Inc., 371 F. Supp. 381 (M.D.Fla. 1974). Also, conduct may be within the "scope of employment" even if it is unauthorized, if it is of the same general nature as, or sufficiently similar to, authorized conduct, taking into consideration the various factors relevant to the master-servant relationship. Lewis v. Walston & Co., Inc., 487 F.2d 617 (5th Cir.1973). If the school principal here was not acting within the scope of his employment when he operated or failed to operate the warning lights, the appellees could raise this issue in the form of an affirmative defense. The question whether a tort committed by an agent is within the scope of his employment is normally to be determined by the jury. Green Cove Springs v. Donaldson, 348 F.2d 197 (5th Cir.1965).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ERVIN, SHAW and WENTWORTH, JJ., concur.
NOTES
[1] Section 232.25, Florida Statutes (1975), provides:

[T]he state board or the district school board may, by rules and regulations, subject each pupil to the control and direction of the principal or teacher in charge of the school during the time he is otherwise en route to or from school or is presumed by law to be attending school.