406 So.2d 72 (1981)
Thomas ANKERS, Jr., a Minor, by and through His Father and Mother, Thomas Ankers and Ann Ankers, and Thomas Ankers and Ann Ankers, Individually and Jointly, Appellants,
v.
DISTRICT SCHOOL BOARD OF PASCO COUNTY, Appellee.
No. 81-280.
District Court of Appeal of Florida, Second District.
November 18, 1981.
Horace A. Knowlton, III, Chris W. Altenbernd and Barbara J. Paulson of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
*73 Joe A. McClain of McClain & Hobby, Dade City, for appellee.
SCHEB, Chief Judge.
This appeal presents one issue: whether appellants' complaint stated a cause of action for negligence against the appellee school board.
Appellant Thomas Ankers, Jr., and his parents sued the District School Board of Pasco County. Their complaint alleged that Thomas, a student at Land-O-Lakes High School, sustained serious injury to the fingers of his left hand while working with a bench saw in the shop room during his lunch period. These injuries, appellants alleged, resulted from the school board's negligent maintenance and supervision of the saw and the area surrounding it. Alternatively, the complaint asserted that the appellee school board was negligent in failing to have a teacher present in the area or in failing to prevent students from entering the shop room when instructional personnel were absent, and in failing to instruct students in the use of the saw and related safety equipment.
Appellee moved to dismiss the complaint on ground that it failed to allege facts establishing the relationship between the parties from which the school board's duty to avoid negligence had arisen. The trial court granted the motion and dismissed the complaint with prejudice. This appeal ensued.
To sustain a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains. It must also show that the defendant negligently breached that duty, and that the plaintiff's injury was proximately caused by the defendant's negligence. Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976); 23 Fla. Jur. Negligence § 101 (1979). The allegation that the minor plaintiff was in attendance at the school when the accident occurred was sufficient to demonstrate the relationship between the school board and Thomas giving rise to a duty. A school board is not an insurer against a student being injured. It is, however, entrusted with the care of the students and has a legal duty to properly supervise student activity. Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980); Barrera v. Dade County School Board, 366 So.2d 531 (Fla. 3d DCA 1979).
Appellee asserts, as it did in the trial court, that appellants' complaint is insufficient because it fails to allege that the minor plaintiff was under school supervision at the time of the accident. We disagree. The fact that the complaint did not state that a teacher or other representative of the school board was supervising the plaintiff or that he was undergoing instruction at the time of the accident does not defeat this relationship. A cause of action in negligence encompasses not only negligent acts, but the negligent failure to act as well. Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981).
We hold that appellants' complaint stated a cause of action. Of course, we are not passing on the merits of their claim. Accordingly, we reinstate appellants' complaint and remand for further proceedings consistent with this opinion.
BOARDMAN and OTT, JJ., concur.