PER CURIAM.
■ We reverse the dismissal of appellants’ complaint and hold that the allegations contained in the complaint are sufficient to state a cause of action for negligence.
Appellants’ complaint alleged that appellant John C. Miller, II, was a passenger in appellee’s automobile, and appellee was negligent, reckless, and careless. Appellee drove her automobile onto a school athletic track without permission, knowing school regulations prohibited such action. Appel-lee had knowledge that many students often drove onto and around the track. Ap-pellee parked her vehicle so that John was placed in a dangerous position, and appel-lee knew or should have known she was placing John in a dangerous position. Ap-pellee failed to warn John of the danger and John was seriously injured when a car being driven around the track struck him.
This court was faced with the issue of whether a complaint stated a cause of action for negligence in Ankers v. District School Board of Pasco County, 406 So.2d 72, 73 (Fla. 2d DCA 1981):
To sustain a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains. It must also show that the defendant negligently breached that duty, and that the plaintiff’s injury was proximately caused by the. defendant’s negligence. Lake Parker Mall, Inc. v. Carson, 327 So.2d 121 (Fla. 2d DCA 1976); 23 Fla. Jur. Negligence § 101 (1979).
Appellee, as driver of the vehicle, owed John, her passenger, the duty of exercising ordinary or reasonable care to avoid injuring him. See generally 4 Fla. Jur. 2d Automobiles and Other Vehicles § 242. Appellants’ complaint sufficiently alleges the relationship giving rise to a duty (that of driver and passenger), a negligent breach of that duty, and that appel-lee’s negligence caused John’s injuries. Therefore, the trial court erred in dismissing appellants’ complaint.
REVERSED and REMANDED for further proceedings.
SCHEB, A.C.J., and OTT and SCHOON-OVER, JJ., concur.