508 So.2d 750 (1987)
John COMUNTZIS and Carol Comuntzis, His Mother, Appellants,
v.
PINELLAS COUNTY SCHOOL BOARD, Pinellas County, Florida, John C. Demps and Cynthia Dagostino, Appellees.
No. 85-1996.
District Court of Appeal of Florida, Second District.
June 5, 1987.
J.L. "Skip" Miller, St. Petersburg, for appellants.
*751 Jeffrey P. Winkler and R. Clark Robinson of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee Pinellas County School Board.
Philip W. Dann, P.A., St. Petersburg, for appellees John C. Demps and Cynthia Dagostino.
RYDER, Acting Chief Judge.
Appellants sued Pinellas County School Board (School Board) and a principal and a teacher, individually, claiming damages from an alleged beating by fellow students. After appellants filed their third amended complaint, the defendants filed motions to dismiss. The trial court dismissed with prejudice the third amended complaint "based upon the failure of the plaintiff to state a cause of action against the School Board and the individual defendants as it fails to allege the violation of a duty owed plaintiff." As to the individual defendants, the trial court also dismissed the third amended complaint for failure to allege facts sufficient to negate immunity under section 768.28(9)(a), Florida Statutes (1985). Based upon our discussion below, we affirm the dismissal as to the individual defendants, but reverse the dismissal as to the School Board and order the reinstatement of that portion of the action in the trial court below as it pertains to the School Board.
"For the purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff." Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla. 1983). The complaint herein alleges negligence. This court has previously stated the standard for alleging negligence:
To sustain a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains. It must also show that the defendant negligently breached that duty, and that the plaintiff's injury was proximately caused by the defendant's negligence.
Ankers v. District School Board of Pasco County, 406 So.2d 72, 73 (Fla. 2d DCA 1981). The allegation that the plaintiff was a student at a high school run and operated by the School Board is sufficient to demonstrate the relationship between the School Board and Comuntzis giving rise to a duty. A school board's duty to properly supervise students entrusted to its care is well recognized in this state. Rupp v. Bryant, 417 So.2d 658, 666 (Fla. 1982); Broward County School Board v. Ruiz, 493 So.2d 474 (Fla. 4th DCA 1986); Ankers; Padgett v. School Board of Escambia County, 395 So.2d 584 (Fla. 1st DCA 1981); Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980); Barrera v. Dade County School Board, 366 So.2d 531 (Fla. 3d DCA 1979). The complaint alleged that Comuntzis was physically beaten during the school lunch hour just outside the school cafeteria. The complaint sufficiently alleges the negligent breach of the duty to supervise by asserting that no teacher was posted to keep order in the cafeteria and that the beating was near enough, loud enough and prolonged enough to alert a teacher if one had been so posted. Proximate cause is sufficiently alleged by making a reasonable inference from the complaint that if a teacher had been posted in the cafeteria, the beating would not have occurred. We hold that the plaintiff has stated a cause of action against the School Board in its third amended complaint.

Trianon Park categories.
The School Board argues that there is no duty to prevent the misconduct of third persons and urges upon us the landmark case of Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). The action or inaction complained of, the School Board argues, is a category II activity: enforcement of laws and protection of the public safety. Trianon Park at 919-21. We disagree. Florida courts have repeatedly recognized a common law duty on the part of a school board to supervise the students given over to its care. See cases cited above. See *752 also Restatement of Torts (Second) § 320 and comments following.[1] The action or inaction complained of here clearly falls under category IV: providing professional, educational and general services. The injury would possibly arise from a category II type function if Comuntzis had been injured by a criminal coming onto school property. The critical distinction is that Comuntzis alleges he was injured by fellow students: individuals whom the School Board had a duty to supervise.
The legislature has waived sovereign immunity (section 768.28), and we have held above that the School Board has a common law and statutory duty. However, our analysis is not complete. We must work our way through several important cases which have significant bearing on the result we reach.

Evangelical Brethren test.
Therefore, we turn our attention to the four-prong Evangelical Brethren test.[2] First, does the challenged act, omission, or decision necessarily involve a basic governmental policy, program or objective? No. This question can best be answered by comparing it to the situation addressed by our supreme court in its incisive decision of Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986). In Avallone, the suit alleged negligence in operating a county owned park and swimming facility. The supreme court stated:
A government unit has the discretionary authority to operate or not operate swimming facilities and is immune from suit on that discretionary question. However, once the unit decides to operate the swimming facility, it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances.
Avallone at 1005. The analogy is not perfect here because school boards are required by statute to operate educational facilities. However, the analogy is useful and can be stated as thus: a school board has the discretionary authority to establish or not establish a particular school and is immune from suit on that discretionary question. However, once the school board decides to operate a particular school, it assumes the common law duty to operate that school safely, just as a private individual is obligated under like circumstances. See § 230.23(4), Fla. Stat. (1985). Second, is the questioned act, omission or decision essential to the realization or accomplishment of that policy, program or objective as opposed to one which would not change the course or direction of the policy, program or objective? Appellants argue in their brief (the third amended complaint is silent as to this matter) that students at this particular school are required to remain on the school grounds during lunch hour. We cannot see how providing supervision during unstructured time when large groups of students are congregating in a high school cafeteria would change the course or direction of any of the school board's policies, programs or objectives. Third, does the act, omission or decision require the exercise of basic policy evaluation, judgment and expertise on the part of the governmental agency involved? Maybe. The School Board argues that how and where to disburse the school's limited supervisory personnel is discretionary and should not be actionable. However, the third amended complaint does not challenge where the "limited supervisory personnel" were disbursed, but alleges that no supervisory personnel were present at all. Unsupervised students' tendency to misbehave has been acknowledged previously by our supreme court. Rupp at 668-69. Fourth, does the governmental agency involved possess the requisite constitutional, statutory or lawful authority and duty to do or make the challenged act, omission or *753 decision? Yes. § 230.23(6)(c), Fla. Stat. (1985).

Commercial Carrier policy considerations.
As we move on toward the now visible goal, we confront our last hurdle. Since one or more of the Evangelical Brethren questions call for a negative answer, "further inquiry is necessary." Trianon at 919. The further inquiry  and last hurdle  is a balancing of three policy considerations. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1021-22 (Fla. 1979).
The first policy consideration is the importance to the public of the function involved. Regular school attendance is required between ages of six and sixteen. See generally ch. 232, Fla. Stat. (1985). "Mandatory schooling has forced parents into relying on teachers to protect children during school activity." Rupp at 666. Because of mandatory schooling, it is very important to the public that the students be supervised. Because parents are required to entrust their children to the care of the school personnel, parents have a right to expect that their children will be protected. Therefore, this policy consideration weighs toward an operational characterization of the "function involved."
The second policy consideration is the extent to which government liability might impair free exercise of the function. The School Board argues that the system cannot function properly if subjected to tort liability because its supervisors or teachers are not "everywhere all the time." We agree with the School Board in theory, but their position is overstated. Not every injury that occurs at a school is actionable. See Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980) (fourth district held that it is not reasonable to require a teacher to accompany a kindergarten student to the bathroom and "abandon her coexisting responsibility to the remainder of the class.") However, the complaint here does not claim that the school board's supervisors or teachers were required to be "everywhere all the time." It only asserts that the cafeteria should have been supervised or better supervised to avoid the alleged beating. In any event, "whether a teacher has breached a duty of care by failing to provide adequate supervision is usually a question of fact for the jury." Benton at 835. Because of the procedural posture of this case, our discussion is limited to the narrow issue of whether a cause of action was sufficiently alleged. We fail to see how government liability here might impair the free exercise of the supervision of students, therefore, this policy consideration also weighs toward an operational characterization.
The third policy consideration is the availability of remedies other than tort suits for damages to the individuals affected. It appears that if Comuntzis is to be compensated for the damages alleged in this cause of action, his recourse is through a tort suit. No administrative remedies are available. It might be argued that a possible recourse is to enroll in a private school. That recourse is prospective only and would provide no compensation for prior incidents. In addition, given the cost of attending a private school, this recourse is not available to the general public, but only a select few. This policy consideration also weighs in favor of an operational characterization of the function involved. We hold that the action or inaction complained of here is operational, not planning.

Conclusion.
Having completed our review, we can now say that as to the School Board there is a common law and statutory duty to supervise students, that supervision is not protected by sovereign immunity, supervision is operational and not discretionary, and the third amended complaint in the instant case contains sufficient ultimate facts to state a cause of action against the School Board.
As to defendants Demps and Dagostino, we agree with the trial court's dismissal for failure to state a cause of action. Case law and statutes indicate that actions against school boards and actions against individual school officers (here, a principal and teacher) are now mutually exclusive. *754 Section 768.28(9)(a), Florida Statutes (1985), states:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
* * * * * *
The exclusive remedy for injury or damage suffered as a result of an act, event or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.
See Rice v. Lee, 477 So.2d 1009, 1010-11 (Fla. 1st DCA 1985). The allegations in the third amended complaint clearly claim that the acts or omissions complained of occurred within the scope of the defendants' employment and do not sufficiently allege bad faith, malicious purpose or wanton and willful disregard of human rights, safety or property. Accordingly, we affirm the trial court's dismissal of the complaint as to the individual defendants Demps and Dagostino.
Affirmed in part; reversed in part and remanded with instructions for further proceedings consistent with this opinion.
LEHAN and FRANK, JJ., concur.
NOTES
[1] In addition, section 230.23(6)(c), Florida Statutes (1985), lists as one of the powers and duties of the school board to "adopt rules and regulations for the control, discipline, suspension and expulsion of pupils... ."
[2] Evangelical Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965), adopted in this state by the Supreme Court of Florida in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022 (Fla. 1979).