570 So.2d 950 (1990)
Sylvia BRYANT and James W. Bryant, Her Husband, Appellants,
v.
LUCKY STORES, INC., a Foreign Corporation, D/B/a Kash `N' Karry Discount Supermarkets, Appellee.
No. 89-01761.
District Court of Appeal of Florida, Second District.
March 9, 1990.
Rehearing Denied December 6, 1990.
G. Larry Sandefer of Kimpton, Burke & White, P.A., Clearwater, for appellants.
John Robert Terry and Jerry B. Blevins of Bradham & Bennett, P.A., St. Petersburg, for appellee.
PATTERSON, Judge.
Appellants challenge a final summary judgment entered in favor of appellee in a negligence action. We reverse.
As Sylvia Bryant was leaving a Kash `N' Karry supermarket, she stepped from the sidewalk onto a raised speed bump in the fire lane in front of the store. She tripped and fell, sustaining injuries to her shoulder. Mrs. Bryant, joined by her husband, James, brought suit against Lucky Stores, Inc., owner of the premises, asserting that the speed bump was not "reasonably visible" to pedestrians and constituted a hazardous condition of which Lucky Stores had a duty to warn.
Lucky Stores moved for summary judgment on the ground that the speed bump was an open and obvious condition of which it had no duty to warn. Attached to the motion were four color photographs depicting the parking lot and the speed bump. The speed bump is constructed of asphalt of the same color as the parking lot, but a darker shade. The speed bumps extend into the fire lane where vehicular traffic is prohibited. The photographs also revealed that the edge of the adjacent sidewalk was painted in bright yellow. In opposition to the motion, the Bryants relied on their depositions and a notarized letter from Tippens, an engineer, wherein he opined that the speed bump was of an "unsafe design." In her deposition, Mrs. Bryant, who is seventy-five years of age, testified that as she stepped from the sidewalk she was looking for oncoming vehicles and did not see the speed bump.
At the hearing on the motion for summary judgment, counsel for Lucky Stores objected to the court's consideration of Tippens' *951 letter as an affidavit, which it clearly is not. The court "noted" the objection but made no ruling on it. Later in the hearing the court referred to the letter as an "affidavit" and commented that in the court's opinion Tippens did not like speed bumps in general. It is apparent that the trial judge did consider the letter in arriving at his determination. He also determined from viewing the photographs that the speed bump was an obvious condition which did not give rise to a duty to warn. The court granted the motion and on June 1, 1989, entered a final judgment for the defendant. This timely appeal followed.
A party moving for summary judgment in a negligence case must show that there is no negligence or that the sole proximate cause of the injury was the negligence of the plaintiff. To establish that there was no negligence, the movant must demonstrate that there is no duty owed to the plaintiff or that it did not breach a duty which is owed. Cutler v. St. John's United Methodist Church, 489 So.2d 123 (Fla. 1st DCA 1986). Lucky Stores owed a duty to Mrs. Bryant, as a business invitee, to maintain its premises in a reasonable and safe manner. See Luckey v. City of Orlando, 264 So.2d 99 (Fla. 4th DCA 1972) (plaintiff tripped over a door track which extended over the width of the door); Phillips v. Hartford Casualty Ins. Co., 373 So.2d 415 (Fla. 4th DCA 1979) (plaintiff fell from a ramp leading from a grocery store to a parking area). It is a disputed question of fact as to whether or not the manner in which the speed bump was placed, in relation to the traffic pattern of customers, constituted an unsafe condition. Eachus v. Big Daddy's Lounges, Inc., 380 So.2d 1154 (Fla. 3d DCA 1980).
The fact that the bump was open and visible is not determinative of whether or not Mrs. Bryant's negligence in failing to see the speed bump was the sole cause of her injury. The question is whether she used due care for her own safety, taking into consideration her age and all of the circumstances surrounding the incident. See Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla. 1st DCA 1964). The trial judge determined from viewing the photographs that any person would have seen the speed bump. This finding fails to take into consideration all of the relevant factors as to whether or not Mrs. Bryant should have seen it. We have viewed the photographs and conclude that reasonable men can differ on these issues, requiring their resolution by the trier of fact.
Reversed and remanded.
PARKER, J., concurs.
HALL, J., dissents with opinion.
HALL, Judge, dissenting.
I must respectfully dissent from the majority decision.
The majority states that "the fact that the bump was open and visible is not determinative of whether or not Mrs. Bryant's negligence in failing to see the speed bump was the sole cause of her injury." I do not believe that this is a correct statement of the law applicable to this case. It is precisely because of the fact that the speed bump was open and visible that Lucky Stores did not breach the duty it owed to Mrs. Bryant:
There is, however, no duty to warn the invitee against "patent" or "obvious" conditions which are not dangerous per se, ... [Citations omitted.] An invitee is under a corresponding duty to exercise reasonable care for his own safety and to observe that which is obvious and may be seen by one exercising such care.
... .
... To constitute a hidden danger it must be hidden from the knowledge as well as from the sight and must be one which could not be discovered by the exercise of reasonable care.
Grall v. Risden, 167 So.2d 610, 613 (Fla. 2d DCA 1964).
The majority notes that Lucky Stores attached four photographs of the parking lot and speed bump to its motions for summary judgment. Only two of those photographs, exhibits D and B, respectively, reproduce what one would see approaching *952 and stepping off of the curb where Mrs. Bryant fell. These photographs reveal that there is no question but that the speed bump is clearly visible and obvious to a person exercising the reasonable care for her own safety that is her duty.
Thus, Lucky Stores successfully met its burden to show the absence of any genuine issue of material fact regarding the open and obvious nature of the speed bump. Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966). The burden then shifted to the appellants to prove that a genuine issue of material fact did exist with regard to the visibility of the speed bump. Id. However, at the hearing on the motion for summary judgment, the appellants just assumed such an issue existed and argued that Lucky Stores had a duty to warn of the existence of the speed bump. This assumption was also made by Mr. Tippens, the engineer, in his letter filed in response to the motion. Although Mr. Tippens noted that the bump was not painted, he did not address the visibility of the bump or whether it should have been painted.
The majority asserts that a question of fact exists as to whether the placement of the speed bump in relation to customers' traffic patterns constituted an unsafe design. In support of this assertion, the majority cites Eachus, in which the Third District held it to be a question of fact whether a lounge's parking lot constituted a negligent design because a concrete bumper was placed in proximity to a patrons' walkway. Eachus is distinguishable from the instant case because the Third District made no mention of whether the bumper was open and obvious. In addition, the trial judge in the instant case had nothing before him that created a question of fact regarding unsafe design. Mr. Tippens noted in his letter that the speed bump extended into a fire lane where vehicular traffic is prohibited and that the bump was twelve to eighteen inches from the front walk. He then states, "whether or not the design was such that the slope was comparatively or statistically moderate is, to an engineer, irrelevant  an accident resulted, therefore, it was an unsafe design." This conclusory statement does not create an issue of fact. Mr. Tippens does not state that speed bumps are prohibited in fire lanes or twelve to eighteen inches from front sidewalks. Furthermore, the standard set forth in his conclusion  if an accident occurs the design was unsafe  would prohibit the construction of just about everything.
There existing no genuine issue of material fact but that the speed bump is open and obvious, the trial court properly determined, as a matter of law, that there was no breach of duty by Lucky Stores, and did not err in entering a summary judgment in favor of Lucky Stores.