PER CURIAM.
Sondra Frost appeals the granting of a directed verdict in favor of appellee Qua-traine Condominium I Association, Inc. Under the rule of Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 460, 551 So.2d 461 (Fla.1989), Quatraine was entitled to rely on the certificate of occupancy as showing compliance with the South Florida Building Code. Construing the record in the light most favorable to the plaintiff as the non-moving party, see Sylvester v. City of Delray Beach, 486 So.2d 607, 608 (Fla. 4th DCA 1986) (on rehearing); McDonald v. McGowan, 402 So.2d 1197, 1199 (Fla. 5th DCA), review dismissed sub nom. Allmon v.- McDonald, 411 So.2d 380 (Fla. 1981); see also Vasques v. Lopez, 509 So.2d 1241, 1243 (Fla. 4th DCA 1987), we conclude that the claimed defect (a Vi6 inch variation in the height of one stair) was latent, and that there was no evidence charging Quatraine with actual or constructive notice of the claimed defect. The directed verdict was properly granted and the judgment is affirmed.