569 So.2d 1329 (1990)
Amelia SPADAFORA and Louis Spadafora, Her Husband, Appellants,
v.
Anthony CARLO and Lillian Carlo, His Wife, Appellees.
No. 89-02487.
District Court of Appeal of Florida, Second District.
November 9, 1990.
*1330 Joseph J. Maltese, Staten Island, N.Y., for appellants.
C. Bryant Boydstun, Jr., of Lyle & Skipper, P.A., St. Petersburg, for appellees.
ALTENBERND, Judge.
The plaintiffs, Mr. and Mrs. Spadafora, appeal a final summary judgment in their personal injury lawsuit against Mr. and Mrs. Carlo. Mrs. Spadafora, who is Mr. Carlo's adult sister, fell down a flight of stairs in the Carlos' home. She alleged that her fall was caused by a dangerous step that deviated substantially from the requirements of the applicable building code. We reverse the summary judgment because the Carlos' standard of care concerning this step is not governed by the limited standard of care that applies to a difference in floor levels within a residence. Schoen v. Gilbert, 436 So.2d 75 (Fla. 1983). A material question of fact exists concerning the specific standard of care owed by the Carlos to Mrs. Spadafora in this case.
In June 1986, the Spadaforas came to visit the Carlos at the Carlos' two-story home in New Port Richey, Florida. The Carlos had purchased their new home approximately one year earlier. This was the Spadaforas' first visit to their relatives' home. After lunch, the group decided to swim in the Carlos' pool. Mrs. Spadafora allegedly made her first trip up the stairs to the second floor to put on a swim suit in a bedroom. The staircase consisted of two separate sets of stairs, divided by a landing. On her return down the stairs, Mrs. Spadafora tripped and fell, breaking her leg. She tripped as she allegedly stepped onto the landing between the two sets of stairs.
An investigation after the fall established that the riser of the step immediately above the landing was 10 inches high, whereas all of the other risers were 8 inches high. The record reflects that the applicable building code prohibited risers that were greater than approximately 8 inches. Moreover, the building code prohibited a difference of greater than 3/16 inch in adjacent risers and prohibited an overall difference of greater than 3/8 inch in risers for a flight of stairs. Thus, the 2-inch difference was a substantial deviation from the code. Before the fall, it appears that Mr. Carlo was aware that this step was different from the other steps. Shortly after the fall, he allegedly described this step to his sister as the "lousy step." Mrs. Spadafora testified that she did not notice the difference in height between this step and the other steps because the entire area was covered with a thick beige carpet.
The parties agree that Mrs. Spadafora was an invitee in the Carlos' home and thus was owed the duty which exists between a landowner and an invitee. That duty creates a general standard of care which requires the landowner to use reasonable care in maintaining the home in a reasonably safe condition and to warn invitees of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of due care. Meyer v. Torrey, 452 So.2d 672 (Fla. 2d DCA 1984); Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). The parties disagree on whether this general standard of care would allow a *1331 jury to find that the Carlos were obligated either to correct the stairway or to warn Mrs. Spadafora of its potential danger.
The plaintiffs rely on Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 408 (Fla. 1960). In Majeske, this court reversed a summary judgment concerning a fall on steps which were similarly divergent in size. The defendants observe that Majeske involved a commercial building and suggest that a lesser standard of care should exist as a matter of law for private residences. Their argument, however, is not compatible with the supreme court's decision to "eliminate the distinction between commercial (business or public) visitors and social guests upon the premises." Wood v. Camp, 284 So.2d 691, 695 (Fla. 1973). Both commercial and social invitees are entitled to a "single standard of reasonable care under the circumstances." Wood, 284 So.2d at 695 (emphasis supplied).
It seems obvious that the standard of care that applies to a condition on premises will vary depending upon the nature of the premises. The "circumstances" at a retail mall or a place of amusement may be very different from those in a home or even in a business rarely frequented by the public. Typically, questions involving reasonableness "under the circumstances" are questions involving the specific standard of care and are issues of negligence upon which reasonable people could disagree. Thus, they are issues which should typically be resolved by a jury. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); U.S. Fire Ins. Co. v. Progressive Casualty Ins. Co., 362 So.2d 414 (Fla. 2d DCA 1978); W. Keeton, W. Prosser, The Law of Torts § 37 (5th ed. 1984).
The critical question presented is whether, as a matter of law, the judiciary may either limit the general standard of care so that homeowners are not potentially liable for stairways with steps which are substantially divergent in size or decide the factual question of the specific standard of care in lieu of a jury resolution. We conclude that we do not have such authority under the facts of this case.
The Carlos argue that the general standard of care established by the supreme court in Schoen governs this case. That standard provides that "a difference in floor levels does not of itself constitute failure to use due care for the safety of a person invited to the premises and there is no duty to issue warning of such condition when it is obvious and not inherently dangerous." Schoen, 436 So.2d at 76. The stairway in the case at hand, which consisted of two sets of stairs with a landing between them, however, is more than a "difference in floor levels." These steps permitted an infrequent user to anticipate another eight-inch step and then experience an abnormally large drop. The fact that the stairway substantially violates the building code may be enough to distinguish it from the step down in Schoen.
The Carlos recognize that a violation of the building code is evidence of a breach of the standard of care in a premises liability case against a commercial landowner. Holland v. Baguette, Inc., 540 So.2d 197 (Fla. 3d DCA 1989); Liberty Mutual Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985). They argue that the building code should not be a circumstance that is relevant in a case against a residential homeowner. There may well be instances in which it would be unreasonable as a matter of law for the courts to expect a homeowner to know or satisfy the nuances of the building code. If a homeowner were unaware of the dangerous condition, the homeowner might be entitled to rely on the contractor or the building inspector for compliance with the building code. See e.g., Frost v. Quatraine Condominium I Ass'n, 569 So.2d 476 (Fla. 3d DCA 1990); Kala Invs., Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla. 1989). See also Slavin v. Kay, 108 So.2d 462 (Fla. 1958).
In this case, even without relying upon the building code, there is evidence of a substantial deviation in the staircase, and it appears that Mr. Carlo had actual notice of the deviation. Whether this knowledge *1332 created a specific standard of care under the facts of this case which required the Carlos to take measures to protect Mrs. Spadafora is an issue of reasonableness appropriate for a jury resolution. The critical portion of the building code is relevant evidence which the jury may evaluate, in addition to the other circumstances, in determining the standard of care for the Carlos. The possibility that Mrs. Spadafora may have been comparatively negligent is not a circumstance which eliminates the jury question concerning the Carlos' standard of care. Bryant v. Lucky Stores Inc., 570 So.2d 950 (Fla. 2d DCA 1990) (en banc).
Reversed and remanded.
RYDER, A.C.J., and THREADGILL, J., concur.