NESBITT, Judge.
Appellant Elizabeth Perl claims several errors made by the trial court in her slip- and-fall action against K-Mart Stores necessitate reversal. We address only that argument we find meritorious wherein Perl claims error in the court’s denial of her motion for a directed verdict on the issue of negligence. We agree and reverse and remand on that basis.
Perl was following a K-Mart employee to a section of the store in response to Perl’s request for information on the price of an item. According to Perl, she was pushing a shopping cart several feet behind the clerk when she slipped on a hanger, fell, and sustained various injuries.
At trial, the manager of K-Mart, several other longtime store employees, several professional engineers, and a safety consultant all testified that K-Mart’s white hangers on the store’s white tile floor represented a known hazardous condition. Each employee testifying conceded that it was his obligation to discover and pick up these hangers to prevent injury. A K-Mart personnel safety handbook also advised employees that they were obligated to pick up debris in store aisles. Notwithstanding this acknowledged obligation, the uncontra-dicted evidence was that the employee had walked directly over the hanger.
While K-Mart argued it was for the jury to determine how the accident had occurred, the court itself commented that based upon the evidence, if a jury concluded that Perl had not fallen over a hanger, such a conclusion would be purely "speculative.” Notwithstanding this observation, the trial court sent the issue of K-Mart’s negligence to the jury. This was error.
All evidence confirmed that the employee traversed the floor directly in front of Perl, the clerk’s path providing this employee with notice of the dangerous condition. It is undisputed that K-Mart is responsible for the negligent behavior of its employees. Jacobi v. Claude Nolan, Inc., 122 So.2d 783 (Fla. 1st DCA 1960); see also United States v. Haney Chevrolet, Inc., 371 F.Supp. 381 (M.D.Fla.1974) (employer is liable for improper acts of its agents committed in the scope of their employment even though they may have deviated from the employer’s instructions). The store owed the customer the duty to maintain the premises in a reasonable and safe manner. See Bryant v. Lucky Stores, Inc., 570 So.2d 950 (Fla. 2d DCA 1990); see also Phillips v. Hartford Cas. Ins. Co., 373 So.2d 415 (Fla. 4th DCA 1979); Luckey v. City of Orlando, 264 So.2d 99 (Fla. 4th DCA 1972). The employee did not act when confronted with a hanger directly in the customer’s path; K-Mart thus breached the duty of care it owed Perl. Therefore, in the absence of any contrary evidence, the plaintiff should have prevailed on her motion for directed verdict on the negligence issue.
The fact that Perl may have been contributorily negligent does not alter the above analysis. A directed verdict may *414 still lie as against a defendant whose negligent acts are less than the sole proximate cause of an injury. Burton v. Powell, 547 So.2d 330, 332 (Fla. 5th DCA 1989). This is merely a finding that the defendant was negligent to some extent. Id. See also Ligman v. Tardiff, 466 So.2d 1125 (Fla. 3d DCA), review denied, 478 So.2d 54 (Fla.1985); Marlowe v. Food Fair Stores of Fla., Inc., 284 So.2d 490 (Fla. 3d DCA 1973), cert. denied, 291 So.2d 205 (Fla.1974).
Upon remand, the trial court is directed to enter a directed verdict on the issue of K-Mart’s negligence. The case should then be retried on the issue of Mrs. Perl’s contributory negligence, if any, and any damages she has sustained.
Reversed and remanded.