FASTRACK
HERSEY, Judge.
This is an appeal from a judgment entered pursuant to a directed verdict in an action for contribution.
On November 15, 1985, students of John F. Kennedy Junior High School, located in Riviera Beach, participated in the homecoming parade of Suncoast High School, also in Riviera Beach. Kennedy student Elaine Vespoli was part of a group of student Crime Watch patrol members who were invited to participate in the parade. Some of the students had learned a marching routine and were to march in the parade; Vespoli and several others did not.
On the day of the parade, the City of Riviera Beach provided a pickup truck to carry those students who were not marching.
When the truck arrived at Kennedy Jr. High, the school’s shop teacher and the *85 supervisor of the student Crime Watch group (Mr. Perry), began to alter the truck flatbed to accommodate the students. They placed boards across the back to make seats. The truck carried the students, including Vespoli, through the parade. Appellee admits no school board member was on the truck during the parade. When the truck returned to Sun-coast High School at the end of the parade, the students began to dismount by leaving from the back of the tailgate. According to appellee, the school principal and Perry, the Crime Watch supervisor, were at the school when the students disembarked, but they were on the other side of the building; no other school personnel were at the dismount site. Driver Burton remained in the truck while the students got out.
Vespoli was the last student to get out of the truck. She placed one foot on the ground; as she went to remove the other foot, she caught it in a narrow space between the tailgate and a chain that attaches the tailgate to the truck side and supports the tailgate when it is open. At that moment the driver Burton began to move the truck forward, not realizing that Vespoli was stuck. Vespoli and her friend began screaming but Burton did not hear them because the marching band was still playing directly in front of the truck. Ves-poli eventually extricated her foot when the vehicle stopped; apparently Burton never knew of or reported the incident.
Vespoli and her parents sued the City. The parties settled and Vespoli executed a full release. The city then sued the School Board for contribution. The issues identified pretrial were whether the School Board negligently supervised the students; whether the School Board breached or violated its own safety policies; and if the board was responsible, what its proportionate liability should be.
The school principal testified (apparently at deposition) that, had he known, he would not have allowed the use of the pickup truck; school board policy prohibits the use of open pickup trucks to transport students. At trial he testified that this was because of a lack of sufficient seat belts.
At the close of the city’s case, the trial court directed a verdict for appellee School Board. The court concluded that even if there had been a breach of duty by the School Board, it did not result in the injuries to Vespoli, and therefore the School Board was not liable for contribution. The city moved for new trial; the court denied the motion and thereafter entered final judgment in the cause. The city takes this appeal.
On a motion for directed verdict, every reasonable conclusion which may be drawn from the evidence must also be construed favorably to the non-mov-ant.... Only where there is no evidence upon which a jury could properly rely in finding for the plaintiff, should a directed verdict be granted.... [A] motion for directed verdict should be treated with special caution, and this is especially true in negligence cases where the function of a jury to weigh and evaluate the evidence is particularly important since reasonable people can draw various conclusions from the same evidence.
Collins v. School Bd., 471 So.2d 560, 563 (Fla. 4th DCA 1985), writ dismissed sub nom. School Bd. v. District Court of Appeal, Fourth Dist., 491 So.2d 280 (Fla. 1986).
Initially we note the existence of at least some evidence indicating that the school board was negligent in failing to supervise the students. School employees arranged for the students to ride in the truck, even going so far as to modify the truck to accommodate them. The supreme court has stated:
A public school, at least through the high school level, undoubtedly owes a general duty of supervision to the students placed within its care.... Florida courts have specifically recognized that a negligent failure to act in carrying out this duty of the school is actionable. The genesis of this supervisory duty is based on the school employee standing partially in place of the student’s parents.
Rupp v. Bryant, 417 So.2d 658, 666 (Fla. 1982) (citations omitted).
*86 The parties agree that one of the pretrial issues was whether the school board negligently supervised the students and whether this was the proximate cause of the loss. Appellant offers this broad issue on appeal: whether some injury was foreseeable, not necessarily this specific one. Indeed, this court has said:
In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur. Rather, all that is necessary in order for liability to arise is that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of his negligent acts.
Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA) (emphasis in original), rev. denied sub nom. City of Fort Pierce v. Crislip 411 So.2d 380 (Fla.1981). See also Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891, 895 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 350 (Fla.1986). We believe that it was foreseeable to the school board employees that some injury could arise from allowing students to climb down from the flatbed of a pickup truck unassisted and unsupervised. It seems clear that reasonable people could differ as to whether an adult supervisor could have ensured that all of the students were off the truck before signaling the driver to proceed.
However, the essential question is whether the truck driver’s negligence in driving forward was a superseding intervening cause that cut off the school board’s liability. “If an intervening cause is foreseeable, the original negligent actor may still be held liable. The question of whether an intervening cause is foreseeable is for the trier of fact.” Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520, 522 (Fla. 1980). The Gibson court further elaborated, “Another way of stating the question whether the intervening cause was foreseeable is to ask whether the harm that occurred was within the scope of the danger attributable to the defendant’s negligent conduct.” The court offered that to prove that the harm that resulted was within the scope of the risk defendant created, the plaintiff may show that the harm “is the type of harm that has so frequently resulted from the same type of negligence that ‘in the field of human experience’ the same type of result may be expected again.” Gibson, 386 So.2d at 522-23 (quoting Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla. 1961)).
Accordingly, we conclude that the trial court erred in determining that there was no jury question as to whether the act of the pickup truck driver was foreseeable. This accident occurred when a group of junior high school students were exiting from the flatbed of a school-provided pickup truck at the tail end of a parade. The truck was running while the students exited. The band was playing directly in front of the truck while the students exited, pre-sumedly distracting the driver from concentrating on ensuring the safety of the students. We find that reasonable persons could differ as to whether it was foreseeable that, with the noise and confusion of the winding down of a parade, the driver might be distracted from paying attention to the disembarkation of the students and that a student therefore might be injured while trying to exit.
We therefore reverse and remand for a new trial.
REVERSED AND REMANDED.
STONE and GARRETT, JJ., concur.