592 So.2d 259 (1991)
DADE COUNTY SCHOOL BOARD, Appellant,
v.
Raul GUTIERREZ, As Personal Representative of the Estate of Rabsary Gutierrez, et al., Appellees.
No. 90-2630.
District Court of Appeal of Florida, Third District.
November 19, 1991.
Rehearing Denied February 18, 1992.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Yvette Rhodes Prescott, Miami, for appellant.
Ruden, Barnett, McClosky, Smith, Schuster & Russell and Woodrow M. Melvin, Jr. and Glen H. Waldman, Miami, for appellees.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal by the defendant Dade County School Board from a final judgment entered upon an adverse jury verdict in a wrongful death action. The plaintiff Raul Gutierrez's decedent, a high school student, fell through a skylight to her death while on the roof of Hialeah-Miami Lakes High School; the tragic accident happened during a school-supervised photograph-taking session for the school yearbook. It was alleged that the one teacher in charge of *260 the thirty students on the school roof negligently supervised the students by (1) not adequately preparing the students for the potential dangers on the roof, including the rather fragile skylight, and by not properly supervising the students once on the roof, and (2) failing to adequately warn the plaintiff's decedent of the dangerous skylight through which she eventually fell. We affirm.
Given the extreme danger of having a school-sponsored activity on the roof of a school building, we conclude that reasonable care required that school officials take extraordinary precautions to protect the safety of the students while on the roof. General admonitions to be careful were clearly insufficient under these circumstances; explicit instructions as to the layout of the roof, the dangers on the roof including the skylight, and the exact procedures to be followed by everyone while on the roof, would seem required. Thereafter, intensive supervision of the students while on the roof by school personnel was also required. See Rupp v. Bryant, 417 So.2d 658, 666-69 (Fla. 1982); Spivey v. Battaglia, 258 So.2d 815, 817 (Fla. 1972).
Based on this record, the jury was entitled to conclude that the defendant's conduct fell below these reasonable standards of conduct  and that whatever limited warnings may have been given by the teacher while on the roof were not heard by the plaintiff's decedent. The fact that a student, rather than a teacher, may have warned the plaintiff's decedent not to step on the skylight moments before the fatal accident does not fulfill the defendant's duty to warn in this respect; clearly, the plaintiff's decedent was not required to take seriously directions given by a fellow student. Beyond that, providing only one teacher to supervise the thirty students on the roof, the failure of the supervising teacher to require that no photographs be taken near the extremely fragile and dangerous skylight, and the fact that the supervising teacher was posing in the photograph, rather than supervising the students, at the time of the fatal accident  all could be considered by the jury as negligent conduct by the defendant school board. See Collins v. School Bd. of Broward County, 471 So.2d 560, 563-64 (Fla. 4th DCA 1985), writ dismissed, 491 So.2d 280 (Fla. 1986); Ankers v. District School Bd. of Pasco County, 406 So.2d 72, 73 (Fla. 2d DCA 1981); Barrera v. Dade County School Bd., 366 So.2d 531 (Fla. 3d DCA 1979).
Finally, the jury was entitled to conclude that the defendant's negligent conduct was a proximate cause of the death of the plaintiff's decedent as such death was clearly foreseeable under the circumstances. Whatever comparative negligence the plaintiff's decedent was guilty of was for the jury to determine and such comparative negligence was not, as urged, the sole proximate cause of the decedent's death as a matter of law. See City of Riviera Beach v. Palm Beach County School Bd., 584 So.2d 84 (Fla. 4th DCA 1991); Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 101 (Fla. 1983); Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), rev. denied, 389 So.2d 1113 (Fla. 1980).
Affirmed.