THREADGILL, Judge.
The appellants, plaintiffs below, challenge the dismissal with prejudice of those counts of their second amended complaint, which alleged negligence against Appellees U-Haul of West Coast Florida, Inc. and Don Olson Firestone, Inc., for failure to state a cause of action. We affirm the dismissal of U-Haul but reverse the dismissal of Firestone.
To state a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty in the defendant to protect the plaintiff from the injury of which he now complains. Ankers v. District School Bd. of Pasco County, 406 So.2d 72, 73 (Fla. 2d DCA 1981). The complaint must also allege that the defendant negligently breached that duty, and that the plaintiffs injuries were proximately caused by that negligence. Id.
We believe the second amended complaint stated a cause of action in negligence against Firestone. The second amended complaint alleged that Appellee Wyatt Northcutt was the driver of a vehicle towing a U-Haul trailer rented to him by Firestone, a franchisee of U-Haul. The complaint alleged that as a result of defects in the towing vehicle and rented trailer, Mr. Northcutt lost control of the vehicle and trailer and collided with the appellants’ vehicle, causing injuries to the appellants. The appellants also alleged that Firestone had a duty under the terms of the franchise agreement to rent trailers that were free of defects, and to inspect vehicles intended to tow the trailers to determine that they were safe.
The existence of a duty in an action for negligence is a question of law. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). The Restatement (Second) of Torts, recognizes four sources of duty: (1) legislative enactments; (2) judicial interpretations of such enactments; (3) judicial precedent; and (4) a duty arising from the facts. Id., at 501 n. 2 (citing Restatement (Second) of Torts § 285 (1965)). The fourth category, which is at issue in this case, focuses on whether a defendant’s conduct foreseeably creates a “zone of risk” that poses a general threat of harm to others. McCain, at 500. The second amended complaint sufficiently alleged facts under which injuries such as those suffered by the appellants would have been foreseeable to Firestone.
The second amended complaint alleged that the towing vehicle presented to Firestone by Mr. Northcutt had obvious defects including worn and underinflated tires, a nail in one tire, a worn and weak bumper, and an improperly secured trailer hitch. The complaint alleged that the defects in the vehicle were so open and obvious that Firestone had actual knowledge of them. The complaint also alleged that the trailer rented to Mr. Northcutt had worn tires and was in an unsafe condition. The franchise agreement attached to the complaint required Firestone to perform a “rentalwor- *103 thy inspection” of U-Haul equipment and to attach the equipment to the user’s vehicle in a safe and workmanlike manner. Taking these allegations as true, Winsemann v. Travelodge Corporation, 205 So.2d 315 (Fla. 2d DCA 1967), the second amended complaint sufficiently sets forth a foreseeability of risk on the part of Firestone, and an attendant duty to protect against that risk. See Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689, 691 (Fla. 2d DCA 1979) (where it is foreseeable plaintiff will suffer injury sued upon, supplier of a service has legal duty to use reasonable care to avoid unreasonable risks to plaintiff in performance of the service).
The next inquiry is whether the complaint alleged a negligent breach of the duty, and an injury proximately caused by that breach. See Ankers, 406 So.2d 72. The second amended complaint alleged that Firestone, with knowledge of the defects in the towing vehicle and trailer, rented the trailer to Appellee Northcutt thereby creating a dangerous condition. As a result, Appellee Northcutt lost control of his vehicle and collided with the appellants’ vehicle causing injuries to the appellants. These allegations set forth sufficient ultimate facts to acquaint Firestone with the charges of wrongdoing against it so that it could intelligently answer the complaint. See Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563, 565 (Fla.1971). Accordingly, we find the trial court erred in dismissing the complaint against Firestone.
We agree with the trial court that the appellants failed to state a cause of action in negligence against U-Haul. The appellants failed to allege facts which would establish a duty owed to them by U-Haul. Furthermore, the appellants attempted to allege liability on the part of U-Haul under a theory of apparent agency. Under the doctrine of apparent agency, if a principal has held an agent out as being possessed of the requisite authority, and a third person is aware of this authority and has relied on it to his detriment, the principal is estopped from denying the agency relationship. Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA 1977). The theory of apparent agency is not applicable in this instance. The appellants did not, and undoubtedly could not, allege that they relied to their detriment upon any representations made by U-Haul as to Firestone’s authority, because the appellants were not the parties who contracted with Firestone. The appellants were merely on the road when the vehicle and trailer went out of control.
Finally, we agree with the appellants that the trial court erred in striking the franchise agreement attached to the complaint since it is material to the issues of duty and foreseeability.
In summary, we affirm the trial court’s order which dismisses with prejudice the claim against U-Haul. We reverse the order which dismisses the complaint against Firestone, and remand for further proceedings consistent with this opinion. We affirm the orders in all other respects.
Affirmed in part; reversed in part and remanded.
FRANK, A.C.J., and CURRY, CHARLES B., Associate Judge, concur.