ALTENBERND, Judge,
Concurring.
I fully concur in Judge Fulmer’s excellent opinion. I write only to make an observation. Negligence is usually described as a tort of four elements. However, in the context of a motion to dismiss or a motion for summary judgment, it is helpful to examine this tort as one involving at least five elements: (1) a relationship justi *791 fying the creation of a legal duty; (2) a general standard of care created by the relationship of duty; (3) a specific standard of care created by an application of the general standard of care to the facts of the specific case; (4) proximate causation; and (5) damage. See, e.g., Monroe v. Sarasota County School Bd., 746 So.2d 530, 534 n. 6 (Fla. 2d DCA 1999); Dennis v. City of Tampa, 581 So.2d 1345 (Fla. 2d DCA 1991); Spadafora v. Carlo, 569 So.2d 1329 (Fla. 2d DCA 1990); Bryant v. Lucky Stores, Inc., 577 So.2d 1347, 1351 n. 2 (Fla. 2d DCA 1990) (Altenbernd, J., concurring in part and dissenting in part). The first two of these elements are questions of law and the final three elements are normally, but not always, issues for the jury.
In this case, the psychologist/patient relationship between Dr. Kuehnle and the children is the relationship that justifies the creation of a legal duty under the first element. We would not create such a legal duty in the absence of this type of professional relationship.
The general standard of care in this case is simply the same legal standard of care that applies in any case of alleged negligence by a health care provider: Did the psychologist provide the level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful psychologists? See § 766.102(1), Fla. Stat. (1998).
The plaintiffs’ theory in this case is essentially a theory of failure to diagnose. They argue that the children presented to this licensed psychologist with symptoms of parental abuse that were sufficiently obvious and serious that Dr. Kuehnle should have diagnosed their condition as caused by an abusive mother and should have provided treatment, i.e., steps to separate them from their mother, that would have prevented further harm, including the tragic events of this case. This theory describes the three remaining elements of the professional negligence as explained above.
The plaintiffs’ theory may be difficult to prove for all of the reasons that caused the trial court to enter a premature summary judgment. Whether the plaintiffs can actually present evidence sufficient to submit this difficult theory to a jury remains to be seen. But, as a matter of law, this case could not be dismissed at this early stage of the proceedings on the theory that the relationship between Dr. Kuehnle and her young patients did not support a general standard of care that might conceivably create a factual question of whether she violated a specific standard of care causing legal harm to her patients.